UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

THIRD CHURCH of CHRIST, SCIENTIST of
NEW YORK CITY,

                                                    Plaintiff,          **ANSWER**

                    -against-                                        07 Civ. 10962 (DAB)

THE CITY OF NEW YORK and PATRICIA J.
LANCASTER, in her official capacity as                        (ECF Case)
Commissioner of the New York City Department of
Buildings,

                                        Defendants.

------------------------------------------------------------------x

        Defendants the City of New York and Patricia J. Lancaster, in her official capacity as Commissioner of the Department of Buildings of the City of New York ("DOB"), (hereinafter sometimes collectively "the City"), as and for their answer to the complaint, allege upon information and belief, as follows:

        1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff's building is located at the northeast corner of Park Avenue and 63rd Street in Manhattan.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff entered into a Lease Agreement with the Rose Group Park Avenue LLC.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that DOB granted permits based upon certain representations made to it by the applicant and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of expenditures.

        4.     Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as alleged therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to proceed as alleged therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that venue is proper and that defendants are subject to personal jurisdiction of this Court.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Admit the allegations set forth in paragraph "10" of the complaint.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, and aver that according to plaintiff, in or about January 2006 the membership of plaintiff was sixty-four members.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that the Geneva School rented space at the building until 2006.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff entered into a Lease Agreement, dated January 31, 2006, with the Rose Group Park Avenue LLC (the "Rose Group").

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph regarding the events held.

26. Deny the allegations set forth in paragraph "26" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph regarding the amount and extent of required expenditures, and admit that the building lies within the Upper East Side Historic District and aver that any renovations must

comply with the applicable rules of the Landmarks Preservation Commission of the City of New York.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding supplemental income and how it will be used.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding typical commercial tenants.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's expectations.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006.

32. Deny the allegations set forth in paragraph "32" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006, and aver that Second Amendment to the Lease, dated March 27, 2007 is not enforceable.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in the paragraph "36" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the building as the center of plaintiff's congregation and what plaintiff conducts at the building, except admit that plaintiff and the Rose Group entered into a Lease Agreement, dated January 31, 2006.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint, except admit the building is located in a R10 zoning district which is the highest density residential district in the Zoning Resolution of the City of New York.

40. Deny the allegations set forth in paragraph "40" of the complaint, except admit that residential uses, community facility uses and uses accessory to residential and community facility uses are permitted in residential districts (subject to certain specific exceptions) and aver that "open uses" are permitted in certain residential districts as well and further refer the Court to Zoning Resolution §§ 22-11, 22-12, 22-13 and 22-14 which set forth

the permitted uses in a residential district, and further admit that non-accessory catering facilities are not permitted in residential districts, and refer the Court to Zoning Resolution § 12-10 for the true and complete definition of "accessory use".

41. Deny the allegations set forth in paragraph "41" of the complaint, except admit that the City issued a pre-consideration dated April 10, 2006 and thereafter the Manhattan Borough Commissioner of DOB issued a pre-consideration, dated June 28, 2006, endorsed on a letter from plaintiff.

42. Deny the allegations set forth in paragraph "42" of the complaint, except admit that DOB issued certain permits for work at the building.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint, except admit that the Manhattan Borough Commissioner of DOB issued a pre-consideration, dated June 28, 2006, endorsed on a letter from plaintiff.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph "44" of the complaint and admit the allegations set forth in the second sentence of said paragraph.

45. Neither admit nor deny the allegations set forth in paragraph "45" of the complaint as they constitute argument and conclusions of law, but to the extent the Court deems a response is necessary, deny that the catering use at the subject premises is comparable to accessory uses approved by the City of other religious and nonreligious community use facilities located in residential districts.

46. Deny the allegations set forth in paragraph "45-a" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the preparation of the chart.

47. Deny the allegations set forth in paragraph "45-b" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the preparation of the chart.

48. Deny the allegations set forth in paragraph "45-c" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the preparation of the chart.

49. Deny the allegations set forth in paragraph "46" of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint, except deny so much of said paragraph as alleges or purports to allege that plaintiff and the catered events at the building are no different from the practices of the neighboring institutions.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint, except deny that plaintiff is similar to other institutions in the neighborhood.

52. Deny the allegations set forth in paragraph "49" of the complaint, except admit that letters, dated March 12, 2007 and March 30, 2007 were sent to DOB, and a letter dated October 5, 2007 was sent to Deputy Mayor Doctoroff, by an attorney representing cooperative apartments in the vicinity of the building.

53. Deny the allegations set forth in paragraph "50" of the complaint.

54. Deny the allegations set forth in paragraph "51" of the complaint, except admit that DOB sent a letter to plaintiff and the Rose Group, dated October 29, 2007, indicating that DOB intended to revoke and refer the Court to the letter for its true and complete meaning.

55. Deny the allegations set forth in paragraph "52" of the complaint, except admit that the October 29, 2007 letter stated that "[w]e have reviewed letters dated March 12, 2007, March 30, 2007, and October 5, 2007 from counsel for neighboring buildings challenging the permit issued for a catering activity at the premises to the extent of its status as an 'accessory use' to the Church at the premises. We have also reviewed letters submitted by the Church's attorney dated April 20, 2007 as revised May 8, 2007 and October 10, 2007 addressing these complaints. Based on the information presented to us thus far, the catering establishment is not an accessory use because it does not comport with the Zoning Resolution's requirement that it be 'clearly incidental to, and customarily found' in connection with the Church. Rather it appears to be a principal commercial establishment at the premises. Therefore, absent additional information as set forth above, the permit will be revoked."

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff, through counsel, contacted the City and made several representations and threats, including a threat to commence the instant litigation.

57. Admit the allegations set forth in paragraph "54" of the petition.

58. Deny the allegations set forth in paragraph "55" of the complaint, except admit that by letter dated November 30, 2007, DOB revoked the approval and permit allowing accessory use catering at the building.

59. Deny the allegations set forth in paragraph "56" of the complaint.

60. Deny the allegations set forth in paragraph "57" of the complaint.

61. Deny the allegations set forth in paragraph "58" of the complaint.

62. Deny the allegations set forth in paragraph "59" of the complaint.

63. Deny the allegations set forth in paragraph "60" of the complaint.

64. Deny the allegations set forth in paragraph "61" of the complaint, except admit that by letter dated November 30, 2007, DOB revoked the approval and permit allowing accessory use catering at the building, but allowed the 39 events already booked at the catering facility as of that date for a period of six months from October 29, 2007 and appearing on a list of events provided to DOB on November 5, 2007.

65. Deny the allegations set forth in paragraph "62" of the complaint.

66. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "62", inclusive, of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "64" of the complaint.

68. Deny the allegations set forth in paragraph "65" of the complaint.

69. Deny the allegations set forth in paragraph "66" of the complaint.

70. In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "66", inclusive, of this answer, as if fully set forth herein.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "68" of the complaint, and admit the allegations set forth in the second sentence of said paragraph but deny so much of said sentence

as alleges or purports to allege that the operation of a commercial catering establishment as proposed by plaintiff is a religious exercise.

72. Deny the allegations set forth in paragraph "69" of the complaint, and aver that the Lease requires the Rose Group, at the Rose Group's "sole cost and expense", to "renovate the Premises substantially in accordance with the preliminary plans (<u>Exhibit C</u>) and specifications (<u>Exhibit E</u>) attached" to the Lease and that Exhibit C describes the Rose Group's work, in relevant part, as "[i]nstall a new Sunday School Office and Nursery to replace the existing facilities which will be displaced by the new kitchen facilities. The size and location to be mutually agreed upon. However, there shall be a door providing direct access to the Sunday School area."

73. Neither admit nor deny the allegations set forth in paragraph "70" of the complaint as they constitute conclusions of law to which no response is required.

74. Deny the allegations set forth in paragraph "71" of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

76. Deny the allegations set forth in paragraph "73" of the complaint.

77. Deny the allegations set forth in paragraph "74" of the complaint.

78. Deny the allegations set forth in paragraph "75" of the complaint.

79. Deny the allegations set forth in paragraph "76" of the complaint.

80. Deny the allegations set forth in paragraph "77" of the complaint.

81. Deny the allegations set forth in paragraph "78" of the complaint.

82. Deny the allegations set forth in paragraph "79" of the complaint.

83. In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "79", inclusive, of this answer, as if fully set forth herein.

84. Neither admit nor deny the allegations set forth in paragraph "81" of the complaint as they constitute argument or conclusions of law to which no response is required, but to the extent the Court deems a response is necessary, admit said allegations.

85. Deny the allegations set forth in paragraph "82" of the complaint.

86. Deny the allegations set forth in paragraph "83" of the complaint.

87. Deny the allegations set forth in paragraph "84" of the complaint.

88. Deny the allegations set forth in paragraph "85" of the complaint.

89. Deny the allegations set forth in paragraph "86" of the complaint.

90. Deny the allegations set forth in paragraph "87" of the complaint.

91. Deny the allegations set forth in paragraph "88" of the complaint.

92. Deny the allegations set forth in paragraph "89" of the complaint.

93. In response to the allegations set forth in paragraph "90" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "89", inclusive, of this answer, as if fully set forth herein.

94. Deny the allegations set forth in paragraph "91" of the complaint.

95. Deny the allegations set forth in paragraph "92" of the complaint.

96. Deny the allegations set forth in paragraph "93" of the complaint.

97. Deny the allegations set forth in paragraph "94" of the complaint.

98. Deny the allegations set forth in paragraph "95" of the complaint.

99. Deny the allegations set forth in paragraph "96" of the complaint.

100. Deny the allegations set forth in paragraph "97" of the complaint.

101. Deny the allegations set forth in paragraph "98" of the complaint.

102. Deny that plaintiff is entitled to any of the relief sought in the "Wherefore" clause of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103. Defendants have not violated any rights, privileges or immunities secured to the plaintiff by the constitution or laws of the United States, nor have defendants violated any act of Congress providing for the protection of civil rights.

104. Any actions of defendants complained of herein were in all respects legal, proper and constitutional.

**WHEREFORE,** defendants the City of New York and Patricia J. Lancaster, as Commissioner of the Department of Buildings of the City of New York, request judgment dismissing the complaint and denying all relief requested therein, together with the costs of the action including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 7, 2008

>                                         MICHAEL A. CARDOZO
>                                         Corporation Counsel of the City of New York
>                                         Attorney for the Defendants
>                                         100 Church Street, Room 5-162
>                                         New York, New York 10007
>                                         (212) 788-0782
>
>                                  By:    *Ave Maria Brennan*
>                                         AVE MARIA BRENNAN (AB 7488)
>                                         Assistant Corporation Counsel

07 Civ. 10962 (DAB) ECF Case

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THIRD CHURCH of CHRIST, SCIENTIST of NEW YORK CITY,

Plaintiff,

-against-

THE CITY OF NEW YORK and PATRICIA J. LANCASTER, in her official capacity as Commissioner of the New York City Department of Buildings,

Defendants.

**ANSWER**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Ave Maria Brennan*
*Tel: (212) 788-0782*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................., 200...*

.............................................. *Esq.*

*Attorney for ..........................*