

February 25, 2008

VIA U.S. MAIL

Hon. Deborah A. Batts
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2510
New York, New York 10007-1312

      Re:  Third Church of Christ, Scientist
            v. City of New York/Case No. 07 Civ. 10962 (DAB)

Dear Judge Batts:

      I am the co-chair of the Law Committee of the Municipal Art Society of New York ("MAS"). I am writing to request your permission for MAS to participate in the above-referenced matter as *amicus curiae*.     DENIED / DAB

      The Municipal Art Society is a 114-year-old New York not-for-profit corporation. Employing a team of preservationists, urban planners, architects, attorneys and other dedicated staff members, the Society and its Board Members participate in a host of activities to promote public policies favorable to New York City's built environment and the people who enjoy it. As detailed below, the MAS can be of special assistance to this court as Amicus.

      MAS has played a key role in many of the events of the last century that have significantly affected the City's appearance and culture, including the creation of the City's first zoning code, the formation of the Landmarks Preservation Commission and the Arts Commission, the preservation of Grand Central Terminal and the revitalization of Times Square. MAS has been a guardian, steward, and sometimes a critic, of zoning and land use planning in New York City. MAS maintains expertise in historic preservation, urban planning and design and public art through its board members, its Preservation, Planning, Law, and Streets and Sidewalks Committees. Our board and committees are populated with respected professionals in

Hon. Deborah Batts
February 22, 2008
Page 2

the fields of urban planning, arts and architecture, preservation and landscape architecture. We have testified countless times in front of the Landmarks Preservation Commission, City Council and City Planning Commission regarding land use, historic preservation and public art issues, and have been involved as a litigant or *amicus curiae* in a great number of cases related to these issues.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") is the subject of much constitutional litigation, and presents a serious issue under the Establishment Clause because it frees religious institutions of some of the burdens of complying with zoning laws that all others bear. We believe it is unnecessary, however, to reach these difficult constitutional and substantive issues in this case, and therefore, our proposed amicus brief will focus solely on the jurisdictional inquiry of ripeness.

In Murphy v. Town of New Milford, 402 F.3d 332 (2nd Cir. 2005), where MAS served as *amicus curiae*, the Second Circuit determined, based upon the legislative history of RLUIPA and analogous land use caselaw, that the case was not ripe for adjudication because the plaintiffs had not appealed the town's determination or submitted a variance application under the zoning resolution. Here, as in Murphy, MAS believes that the Court should "defer[] initial review until the claims [it is] called on to consider have arisen in a more concrete and final form." Id. at 347. MAS will argue that the case at bar is not ripe for adjudication because Plaintiff failed to exhaust any of the administrative relief procedures available to it.

In determining whether to apply the finality ripeness standard articulated in Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 187 (U.S. 1985), the Second Circuit outlined four considerations that motivated its decision: (1) obtaining a final decision from a local land use authority will aid in the development of a full record; (2) exhausting the variance process is the only way a court knows precisely how a regulation will be applied to a particular parcel; (3) a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes; and (4) land use disputes are uniquely matters of local concern more aptly suited for local resolution. Murphy, 402 F.3d at 348.

Under the analysis articulated by the Court in Murphy, the ripeness inquiry outlined in Williamson County should be applied in this case. Plaintiff has available to it several local land use relief mechanisms; specifically, Plaintiff could (1) appeal to the New York City Board of Standards and Appeals ("BSA") the Department of Buildings' determination that the proposed use does not constitute an accessory use; (2) seek a use variance from the BSA; or (3) apply for a special permit for a change in use pursuant to Section 74-711 of the New York City Zoning Resolution. If the plaintiff were to pursue at least one of those administrative procedures the City has established to provide flexibility in the zoning scheme, the Court would have the benefit of a full record, and would know with certainty exactly what uses the City would permit on this parcel. Further, if plaintiff were to request a variance from the BSA, or seek a special permit, this controversy might very well be avoided entirely. Because "requiring a meaningful variance application as a prerequisite to federal litigation enforces the long-standing principle that disputes should be decided on non-constitutional grounds whenever possible," Murphy, 402 F.3d

Hon. Deborah Batts
February 22, 2008
Page 3

at 348, the Court should find here that the Plaintiff's claims are not ripe for adjudication until plaintiff seeks administrative relief through at least one of the flexibility mechanisms listed above.

While we recognize that, before coming to this Court, Plaintiff is not required to pursue an appeal, variance, or special permit if such efforts would be futile, the several options available to Plaintiff prove this is clearly not the case. We further recognize that the ripeness standard articulated in Williamson County should be cautiously applied outside the specific regulatory takings context in which the Supreme Court articulated the standard. Murphy, 402 F.3d at 349-50. To determine whether Plaintiff should be required to obtain a final decision from land use authorities before litigating a RLUIPA claim, the Court in Murphy examined (1) whether the Plaintiffs experienced an immediate injury as a result of the town's actions and (2) whether requiring Plaintiffs to pursue additional administrative remedies would further define their alleged injuries. Id. at 351. We believe the need for finality dictates that the Williamson County ripeness standard be applied in this case. In our brief, we will address these issues in more detail and will argue that Plaintiff did not suffer immediate harm, and, as articulated above, that the Court would be well served by the definitiveness that an administrative process would provide.

MAS testified against RLUIPA before its passage in 2000; while its efforts were ultimately unsuccessful, MAS successfully advocated for the inclusion of an explanation regarding the intended purpose of the law. Relevant to the case at bar, the legislative history states that "[t]his Act does not provide religious institutions with immunity from land use regulation, nor does it relieve religious institutions from applying for variances, special permits or exceptions, hardship approval, or other relief provisions in land use regulations, where available without discrimination or unfair delay." 146 Cong Rec S 7774 (2000).

It is detrimental to the City, and its ability to regulate its land use, if a religious institution can jump into court without seeking at least one of the administrative exceptions available to it. If the City must face the substantial expense of prematurely having to defend its land use regulatory system in court every time it makes a decision regarding the land use plans of religious organizations, the City very well may be chilled from fairly weighing the interests of the religious use against the interests of the neighbors of such uses and the interests of the public as a whole in a sound, comprehensive, and reciprocal land use scheme. Allowing a religious institution to bypass every available land use relief mechanism the City offers by rushing into litigation gives religious organizations a financial threat to hold over the City that no other property owner is allowed to wield.

MAS has a substantial interest in the regulatory and policy issues presented in this matter. We respectfully request the Court to allow the Society to file a motion for *amicus curiae* party status. If so granted, MAS will submit its motion and proposed brief in conformance with the briefing schedule agreed to by the parties to this matter.

Hon. Deborah Batts
February 22, 2008
Page 4

    Thank you for your consideration of this request.

                                        Respectfully submitted,

                                        Vicki Been

cc (via electronic mail and U.S. Mail):
   Victor A. Kovner, Esq.
   John Cuti, Esq.
   Ave Maria Brennan, Esq.

**SO ORDERED**

*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE