Exhibit B

LAWYERS



Davis Wright Tremaine LLP

ANCHORAGE BELLEVUE LOS ANGELES NEW YORK PORTLAND SAN FRANCISCO SEATTLE SHANGHAI WASHINGTON, D.C.

VICTOR A. KOVNER
DIRECT (212) 489-8230
victorkovner@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 6, 2008

***By Hand***

570 Park Avenue Building Cooperative
570 Park Avenue
New York, NY 10065-7332

Re: *Third Church of Christ, Scientist v. City of New York, et al.; 07 CV 10962 (DAB)*

Dear Sir or Madam:

This firm represents plaintiff Third Church of Christ, Scientist (the "Church") in this litigation. As you may know, this federal lawsuit was filed by the Church to protect its ability to continue to use its building at 583 Park Avenue as a venue for occasional catered social events, a use that the City initially approved but, in November 2007, decided to prohibit. The United States District Court Judge handling this matter has authorized the Church to conduct what is called "discovery" which is the legal term we use to describe the process of gathering facts that are relevant to a lawsuit. I want you to know that the Church is serving the enclosed subpoena on you only with great reluctance; we would have much preferred to have resolved this matter without need for litigation because we believe the tradition of allowing religious institutions and secular non-profit groups to raise supplemental revenues by permitting their buildings to be used for catered events is good policy. (The Complaint in this matter is attached as Exhibit B to the subpoena.) Unfortunately, it became necessary to file this case to protect the Church. Regrettably, the nature of the legal claims requires us to seek information from you.

Enclosed please find a subpoena that requires you to provide the documents requested in Exhibit A to the subpoena. The subpoena requires production of responsive documents on or before March 26, 2008.



Finally, enclosed please also find a check in the amount of $ 44, which covers the costs of the witness fee and travel to and from my office to provide testimony pursuant to the subpoena. Again, please accept our apologies in advance for any inconvenience. Please feel free to call us if you have any questions regarding your obligations.

Respectfully submitted,

Victor A. Kovner

cc: Ave Maria Brennan, Esq. (by email)

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THIRD CHURCH of CHRIST, SCIENTIST, of NEW YORK CITY,
Plaintiff,

V.

THE CITY OF NEW YORK and PATRICIA J. LANCASTER, in her official capacity as, Commissioner of the New York City Department of Buildings,
Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 07 Civ. 10962 (DAB)

TO: 570 Park Avenue Cooperative Corporation
570 Park Avenue
New York, NY 10065

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
| --- | --- |
| Davis Wright Tremaine LLP, 1633 Broadway - 27th Fl., NY, NY 10019<br>Telephone: (212) 489-8230 | 3/26/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiff | 3/6/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Victor A. Kovner, Esq.
DAVIS WRIGHT TREMAINE LLP, 1633 Broadway, New York, NY 10019 - (212) 489-8230

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Exhibit A

**Definitions and Instructions**

1. "You" "your" or the "Co-op" means the cooperative corporation that owns the building located at 570 Park Avenue, and the directors, shareholders, agents, attorneys, and each person acting on behalf of or under the control of the Co-op.

2. "Documents" has the meaning provided for in the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Southern District of New York and, without limiting the generality of the foregoing, includes the original or any copies, regardless of origin or location, of any correspondence, e-mail, communication, instant message, book, pamphlet, periodical, letter, calendar or diary entry, memorandum, message, telegram, cable, report, facsimile, cover sheet, telephone records, record, resume, recommendation, study, stenographic or handwritten notes, working paper or draft, invoice, voucher, check, statement, degree, diploma, certificate, transcript, award, evaluation, chart, graph, map, diagram, blueprint, charge, petition, affidavit, table, record, log, index, picture, voice recording, tape, microfilm, tape-data sheet or data processing card or disk or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, including electronically stored information, however produced or reproduced, to which you have or had access, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, whether in paper or electronic format, to which you have or had access. Responsive documents are to be taken as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such responsive documents.

3. "Communications" means the transmission or exchange of information, oral or written, formal or informal, and shall include without limitation, any documents embodying, containing, constituting, discussing, memorializing, referring to or relating to any such contact.

4. The "Action" means the lawsuit *Third Church of Christ, Scientist, of New York City v. The City of New York, et al.*, 07 Civ. 10962 (DAB), pending in the Southern District of New York.

5. The "Building" means the Church edifice located at 583 Park Avenue, New York, New York.

6. The "Complaint" means the complaint filed in the Action, attached hereto as Exhibit B.

7. The "Church" means the Third Church of Christ, Scientist, of New York City, the plaintiff in the Action.

8. "Elected Officials" means any person serving in the United States Congress, the New York City Council, or the New York State Legislature and any member of his or her staff, including without limitation the Hon. Carolyn Maloney, Hon. Daniel Garodnick, Hon. Jonathan Bing, or the Hon. Liz Krueger.

9. The "City" means the City of New York, and all of its officials and agencies, including without limitation the Department of Buildings, the Law Department, the Department of City Planning, the Board of Standards and Appeals, the Mayor and/or any Deputy Mayor and/or any member of their respective staffs.

10. "Social Events" means any catered or other social event.

11. You are required to search for the documents responsive to the requests, wherever located, which are: (a) in your actual or constructive possession, custody, care and/or control; (b) in the actual or constructive possession, custody, care and/or control of your agent, representative or employee; or (c) in the actual or constructive possession, custody, care and/or control of any

person who, or entity which, is or has been acting on your behalf or under your direct or indirect control.

12. In the event that any document responsive to any document request is withheld from production upon a claim of attorney-client, work product or other privilege or immunity, you are required to furnish a list, verified by counsel, of the documents withheld from such production, setting forth for each document: (a) the nature of the privilege or immunity claim; (b) the date of the document; (c) the title and general subject matter of the document; (d) the identity of each person who made, prepared or signed the document; (e) the identity of each person to whom the document was addressed and each person to whom a copy was indicated to have been sent or was sent; and (f) the present location of the document.

13. Each document request is continuing in nature, requiring the production of additional documents, should you become aware of or acquire them, in your possession, custody or control after initially responding to these requests.

14. The past tense shall be construed to include the present tense and vice versa, to make the request inclusive rather than exclusive. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

15. Unless otherwise stated, the relevant period for these requests shall be from January 1, 2000 to the present.

**Document Requests**

All Documents concerning or in any way related to:

1. The Church.

2. The Building.

3. The Rose Group Park Avenue LLC ("The Rose Group").

4. Any Social Events conducted at the Building.

5. Any complaints or concerns regarding Social Events at any of the institutions set forth in paragraph 45 of the Complaint.

6. Any complaints or concerns regarding Social Events at institutions in the vicinity of the Church.

7. Any Communications with the City regarding the Church, the Building, or the Rose Group.

8. Any Communications with Elected Officials regarding the Church, the Building, or the Rose Group.

9. Any Communications with the State Liquor Authority, or any of its officers, employees or agents, concerning the Church and/or Social Events conducted in the Building.

10. Any Communications with the City or with Elected Officials concerning the Action.

11. The Christian Science religion, including any knowledge of or information concerning the beliefs, teachings, or tenets of Christian Science, and/or any views, attitudes, criticisms, or judgments expressed concerning the Church or the Christian Science religion.

12. Any allegation in the Complaint.

13. Any Social Events conducted in your building, or at any of the institutions set forth in paragraph 45 of the Complaint.

Exhibit B