the unfair zoning determination by the DOB imposes a substantial burden on the Church and its

congregation's ability to freely exercise its religion at its chosen house of worship – the

epicenter of its religious practice for the past 80 years.

59.    Further, by determining that the Church's Building is effectively a

catering hall, the City mischaracterizes the Lease and wrongfully impugns the Church.  Contrary

to the Defendants' disparaging characterization, the Church remains a congregation devoted to

the Christian Science faith, and any catering activities conducted in the Building were, and will

remain, wholly incidental to its primary purpose and use of preaching and practicing its religion.

60.    Moreover, the City is impairing the Church's interest in opening up its

premises to the general public, which it believes will spark new interest in the Christian Science

faith.

**The Church Will Suffer Immediate and Irreparable Injury**

61.    The impact of the DOB's decision will be devastating and immediate.

The Final Determination rescinds the earlier-granted accessory use approval and revokes the

Permits, forthwith.  Therefore, pursuant to the DOB Letter and the Final Determination, as of

October 29, 2007, the Church is prohibited from allowing any additional catered events to be

booked for the Building, and the Church is prohibited from permitting any additional catered

events in the Building to be held after April 28, 2008.  Moreover, because the Final

Determination revokes the Permits, the Church and the Rose Group will be forced to suspend

any further Required Capital Repairs.  As a result, the 27 events for which contracts have been

made by October 29, 2007, but which were scheduled to be held after the 6-month deadline of

April 29, 2008 set by the DOB Letter, will have to be canceled.  This prohibition effectively

requires the Rose Group to cease its catering operations in the Building.

62.    If the Church can no longer make the Building available for catered

events, it will be unable to generate the revenue it needs to maintain the Building and sustain its membership and its religious activities, and it will be required to reimburse the Rose Group for the millions of dollars of Required Capital Repairs already completed. For these reasons, and more, if the City's decision is not enjoined, the Church will be forced to sell the Building and its congregation will be deprived of its place of worship.

### First Claim for Relief
### RLUIPA EQUAL TERMS CLAIM
### 42 U.S.C. § 2000cc(b)

63.   Plaintiff repeats and realleges paragraphs 1 through 62 as if fully set forth herein.

64.   By imposing and implementing the City's land-use and zoning laws and regulations in the manner described above, and by the conduct described above, the City is treating the Church on less than equal terms with comparable nonreligious institutions.

65.   By revoking the Permits and rescinding the Pre-Consideration and thereby forbidding the Church to permit catered events at the Building, Defendants have discriminated against the Church because they freely permit comparable nonreligious institutions to engage in the similar practice of renting out their premises for catered events for non-members.

66.   By virtue of the foregoing conduct, Defendants have violated the Church's rights under RLUIPA, 42 U.S.C. § 2000cc(b), and the Church is accordingly entitled to such relief as the Court finds to be appropriate, including but not limited to, declaratory relief, injunctive relief, compensatory damages, and the costs and expenses of this action.

### Second Claim for Relief
### RLUIPA SUBSTANTIAL BURDEN CLAIM
### 42 U.S.C. § 2000cc(a)

67.   Plaintiff repeats and realleges paragraphs 1 through 66 as if fully set forth herein.

NYC 189965v8 0085520-000001

68.    The Church entered into the Lease because it needed to preserve its Building so that its congregation could worship and perform other religious activities in it. The Church's use, renovation, and restoration of its real property constitute "religious exercise."

69.    Among other improvements, the Lease requires the creation of a new room for the Church's Sunday School, and this conversion of real property is also "religious exercise" under RLUIPA.

70.    Congress requires that the Court construe RLUIPA "in favor of broad protection of religious exercise, to the maximum extent permitted by the terms of [RLUIPA] and the Constitution." 42 U.S.C. § 2000cc-3(g).

71.    Defendants' decision to renege on the earlier-granted approval and now to revoke the Permits and to prohibit any further catering agreements (in effect, forcing a cancellation of the Lease) will coerce the Church into attempting to continue to conduct its religious activities in an inadequate facility, thereby preventing it from reviving its congregation, spreading its religious teaching, and thereby impeding its religious exercise.

72.    If not enjoined, Defendants' revocation of the Permits and prohibition of further catered events will leave the Church with no ready alternative to raise the funds it needs to perpetuate its mission and its existence; at best, the Church will be required to undergo substantial delay, uncertainty and expense in an effort to rehabilitate its facility to enable religious exercise.

73.    The revocation of the Permits and prohibition on any future catered events is an arbitrary, irrational decision that does not bear any substantial relation to the public health, safety and welfare.

74.    The revocation of the Permits and prohibition on any future catered events reflects the Defendants' inconsistent application and implementation of its zoning rules, a

NYC 189965v8 0085520-000001

decision made to placate a small but influential number of disgruntled neighbors and not to further any legitimate governmental interest. The City cannot demonstrate any substantial, much less compelling, interest vis-à-vis reduction in traffic, noise, or other factors relating to quality of life, given that Defendants allow events similar to the catered events in other facilities in the immediate neighborhood.

75.    By imposing and implementing the City's land use and zoning laws and regulations in the manner described above, and by the conduct described above, Defendants have imposed a substantial burden on the religious exercise of the Church in violation of 42 U.S.C. § 2000cc(a)(1).

76.    The imposition of this substantial burden on the religious exercise of the Church by Defendants is not in furtherance of a compelling governmental interest, nor is it the least restrictive means of furthering a compelling governmental interest, as required by 42 U.S.C. § 2000cc(a)(1).

77.    This substantial burden on the religious exercise of the Church is imposed by Defendants in the implementation of a system of land use regulations under which Defendants make, and have in place formal and informal procedures or practices that permit them to make, individualized assessments of proposed land uses, as contemplated by 42 U.S.C. § 2000cc(a)(2)(C).

78.    This substantial burden on the religious exercise of the Church, and the removal of the substantial burden, will affect commerce among the several states, as contemplated by 42 U.S.C. § 2000cc(a)(2)(B).

79.    By virtue of the foregoing conduct, Defendants have violated the Church's rights under RLUIPA, 42 U.S.C. § 2000cc(a), and the Church is accordingly entitled to such relief as the Court finds to be appropriate, including but not limited to declaratory relief,

injunctive relief, compensatory damages, and the costs and expenses of this action.

### Third Claim for Relief
### EQUAL PROTECTION CLAIM
### PURSUANT TO 42 U.S.C. § 1983

80.    Plaintiff repeats and realleges paragraphs 1 through 79 as if fully set forth herein.

81.    The Church is a "class of one" and is protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

82.    Defendants have arbitrarily and selectively interpreted and enforced the City's zoning code and land use laws, and have singled out Plaintiff for arbitrary and selective enforcement, by revoking the Pre-Consideration and by withholding consent to allow Plaintiff to engage in catering activities substantially similar to activities that the City permits other similarly situated religious organizations to conduct.

83.    Defendants have arbitrarily and selectively interpreted and enforced the City's zoning code and land use laws, and have singled out Plaintiff for arbitrary and selective enforcement, by revoking the Pre-Consideration and by withholding consent to allow Plaintiff to engage in catering activities substantially similar to activities that the City permits other similarly situated nonreligious institutions to conduct.

84.    This differential treatment was based on impermissible considerations, including baseless community opposition to the Church, the nature of the Church's religious beliefs, and the bad faith attempt to harm the Church's ability to maintain its premises.

85.    Defendants' actions are designed for the purpose of hampering the exercise of the Church's religious activities in its chosen house of worship, and to prevent the Church from generating the same sort of supplemental income from the rental of event spaces that other similarly situated institutions are permitted to generate.

NYC 189965v8 0085520-000001

86.    By singling out Plaintiff for unequal adverse treatment, and bowing to pressure from the neighborhood opponents, Defendants deprive Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, the right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

87.    Defendants, acting through and in concert with each other, under color of law and in their respective official positions, and in furtherance of a custom or policy of the City, have deprived the Church of its constitutionally protected rights.

88.    By virtue of the foregoing conduct, Defendants have caused the Church immediate and irreparable harm.

89.    The Church is accordingly entitled to such relief as the Court finds to be appropriate, including but not limited to declaratory relief, injunctive relief, compensatory damages, and the costs and expenses of this action.

## Fourth Claim for Relief
### FIRST AMENDMENT FREE EXERCISE CLAIM
### PURSUANT TO 42 U.S.C. § 1983

90.    Plaintiff repeats and realleges paragraphs 1 through 89 as if fully set forth herein.

91.    Defendants have deprived and continue to deprive the Church of its right to the free exercise of religion, as secured by the First Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, by imposing and implementing the City's land use and zoning laws and regulations in the manner described above, and by the conduct described above.

92.    The Defendants' implementation of the City's land use laws is not neutral and generally applicable to all, but instead discriminates unfairly against the Church.

NYC 189965v8 0085520-000001

93.    The Defendants have imposed a substantial burden on the Church's free exercise of its religion, without any compelling reason.

94.    The Defendants have imposed a substantial burden on the Church's free exercise of its religion, without any rational basis.

95.    By singling out Plaintiff for unequal, adverse, treatment, and bowing to pressure from neighborhood opponents, Defendants deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, the right to free exercise of religion guaranteed by the First and Fourteenth Amendments to the United States Constitution.

96.    Defendants, acting through and in concert with each other, under color of law and in their respective official positions, and in furtherance of a custom or policy of the City, have deprived the Church of its constitutionally protected rights.

97.    By virtue of the foregoing conduct, Defendants have caused immediate and irreparable injury to the Church.

98.    The Church is entitled to such relief as the Court finds to be appropriate, including but not limited to declaratory relief, injunctive relief, compensatory damages, and the costs and expenses of this action.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

WHEREFORE, judgment should be entered as follows:

A.    Declaring that Defendants' actions violated section (b)(1) of RLUIPA;

B.    Declaring that Defendants' actions violated section (b)(2) of RLUIPA;

C.    Declaring that Defendants' actions violated section (a) of RLUIPA;

D.    Declaring that Defendants' actions violated Plaintiff's right to equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution;

E.    Declaring that Defendants' actions violated Plaintiff's right to the free exercise of religion pursuant to the First and Fourteenth Amendments to the United States Constitution;

F.    Temporarily, preliminarily and permanently enjoining Defendants from revoking the Permits or prohibiting the Church, pursuant to the Lease, from continuing to permit catered events for non-members in the Building pursuant to the Lease;

G.    Awarding compensatory damages against all Defendants;

H.    Awarding Plaintiff's attorney fees and other reasonable expenditures, together with the costs and expenses of this action pursuant to 42 U.S.C. § 1988; and

I.    Granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          December 3, 2007

                                    DAVIS WRIGHT TREMAINE LLP

                                    BY:_____
                                        Victor A. Kovner (VAK-2248)
                                        John Cuti (JC-3365)
                                        Monica Pa (MP-3307)

                                    1633 Broadway
                                    New York, New York 10019-6708
                                    Telephone: (212) 489-8230
                                    Facsimile: (212) 489-8340

                                    *Attorneys for Plaintiff*
                                    *Third Church of Christ, Scientist,*
                                    *of New York City*