Exhibit D

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE  BELLEVUE  LOS ANGELES    NEW YORK  PORTLAND  SAN FRANCISCO  SEATTLE  SHANGHAI  WASHINGTON, D.C.

VICTOR A. KOVNER
DIRECT (212) 489-8230
victorkovner@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 6, 2008

**By Hand**

The Beekman Hotel
575 Park Avenue
New York, NY 10065-7332

Re:   *Third Church of Christ, Scientist v. City of New York, et al.;* 07 CV 10962 (DAB)

Dear Sir or Madam:

      This firm represents plaintiff Third Church of Christ, Scientist (the "Church") in this litigation. As you may know, this federal lawsuit was filed by the Church to protect its ability to continue to use its building at 583 Park Avenue as a venue for occasional catered social events, a use that the City initially approved but, in November 2007, decided to prohibit. The United States District Court Judge handling this matter has authorized the Church to conduct what is called "discovery" which is the legal term we use to describe the process of gathering facts that are relevant to a lawsuit. I want you to know that the Church is serving the enclosed subpoena on you only with great reluctance; we would have much preferred to have resolved this matter without need for litigation because we believe the tradition of allowing religious institutions and secular non-profit groups to raise supplemental revenues by permitting their buildings to be used for catered events is good policy. (The Complaint in this matter is attached as Exhibit B to the subpoena.) Unfortunately, it became necessary to file this case to protect the Church. Regrettably, the nature of the legal claims requires us to seek information from you.

      Enclosed please find a subpoena that requires you to provide the documents requested in Exhibit A to the subpoena. The subpoena requires production of responsive documents on or before March 26, 2008.

The Beekman Hotel
March 6, 2008
Page 2



   Finally, enclosed please also find a check in the amount of $ 44, which covers the costs of the witness fee and travel to and from my office to provide testimony pursuant to the subpoena. Again, please accept our apologies in advance for any inconvenience. Please feel free to call us if you have any questions regarding your obligations.

                  Respectfully submitted,

                  Victor A. Kovner

cc: Ave Maria Brennan, Esq. (by email)

NYC 194225v1 0085520-000001

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THIRD CHURCH of CHRIST, SCIENTIST,
of NEW YORK CITY,
               Plaintiff,
       V.
THE CITY OF NEW YORK and PATRICIA J.
LANCASTER, in her official capacity as,
Commissioner of the New York City
Department of Buildings,
               Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07 Civ. 10962 (DAB)

TO: The Beekman Hotel
575 Park Avenue
New York, N.Y. 10065-7332

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Davis Wright Tremaine LLP, 1633 Broadway - 27th Fl., NY, NY 10019<br>Telephone: (212) 489-8230 | 3/26/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Plaintiff | 3/6/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Victor A. Kovner, Esq.
DAVIS WRIGHT TREMAINE LLP, 1633 Broadway, New York, NY 10019 - (212) 489-8230

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e) on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

| DATE | | | | | CHECK NUMBER |
|---|---|---|---|---|---|
| 03-05-08 | | | | | 55856 |

| DATE | INVOICE NO. | VOUCHER ID | INVOICE AMOUNT | NET AMOUNT | REMARKS |
|---|---|---|---|---|---|
| 03-04-08 | PAM030408F | 880413 | 44.00 | 44.00 | witness & transportation fees |
| | | | TOTAL | | 44.00 |

DAVIS WRIGHT TREMAINE LLP
1201 THIRD AVENUE
SUITE 2200
SEATTLE, WA 98101-3045

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS LISTED ABOVE

---

THE ORIGINAL DOCUMENT HAS A WHITE REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW. DO NOT CASH IF NOT PRESENT.

DAVIS WRIGHT TREMAINE LLP
LAW OFFICES
1201 THIRD AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-3045
(206) 622-3150

| VENDOR NO | DATE | 64-1278 | NO. 55856 |
|---|---|---|---|
| 29294 | 03-05-08 | 611  GA | |

PAY ONLY FOUR FOUR 44 00 CTSCTS

Bank of America, N.A.
Atlanta, Dekalb County, GA
Member FDIC

**********$44.00

DAVIS WRIGHT TREMAINE LLP

PAY TO THE ORDER OF
THE BEEKMAN HOTEL
575 PARK AVENUE
NEW YORK, NY 10065-7322

Authorized Signature

⑈000055856⑈ ⑆061112788⑆ 003359800946⑈

Exhibit A

## Definitions and Instructions

1. "You" or "your" means the Beekman Tenants Corporation, and/or the cooperative corporation, that owns the building located at 575 Park Avenue, New York, New York and your directors, shareholders, members, officers, employees, agents and attorneys, each person acting on your behalf or under your control, and any parent, subsidiary, predecessor or affiliated entity, corporation, institution, or non-profit organization.

2. "Documents" has the meaning provided for in the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Southern District of New York and, without limiting the generality of the foregoing, includes all materials (drafts, originals, and non-identical copies, whether written or electronically stored, sent, or received) such as, *inter alia*, memoranda (interoffice and otherwise), notes, letters, email messages, calendars, appointment books, newsletters, notices, minutes or transcripts of meetings, brochures, advertising copy, website pages, photographs, video recordings, annual reports, tax returns, invoices, checks, credit card receipts or records, spreadsheets, leases, contracts, reservation lists, contact lists, vendor lists, permits, licenses, or other records.

3. "Communications" means the transmission or exchange of information, oral or written, formal or informal, and shall include without limitation, any documents embodying, containing, constituting, discussing, memorializing, referring to or relating to any such contact.

4. The "Action" means the lawsuit *Third Church of Christ, Scientist, of New York City v. The City of New York, et al.*, 07 Civ. 10962 (DAB), pending in the Southern District of New York.

5. The "Complaint" means the complaint filed in the Action, attached hereto as Exhibit B.

6. The "Church" means the Third Church of Christ, Scientist, of New York City, the Plaintiff in the Action.

7. The "Building" means the Church edifice located at 583 Park Avenue, New York, New York.

8. "Elected Officials" means any person serving in the United States Congress, the New York City Council, or the New York State Legislature and any member of his or her staff, including without limitation the Hon. Carolyn Maloney, Hon. Daniel Garodnick, Hon. Jonathan Bing, or the Hon. Liz Krueger.

9. The "City" means the City of New York, and all of its officials and agencies, including without limitation the Department of Buildings, the Law Department, the Department of City Planning, the Board of Standards and Appeals, the Mayor and/or any Deputy Mayor and/or any member of their respective staffs.

10. "Premises" means the building located at 575 Park Avenue, New York, New York.

11. "Restaurant" means the restaurant formerly known as "Park Avenue Café" and now known as "Park Avenue Winter" (and, depending on the season, as "Park Avenue Spring," "Park Avenue Summer," or "Park Avenue Autumn") located on the Premises.

12. "Separate Catering Facility" means the space marketed as "The Townhouse" with a separate entrance on East 63rd Street.

13. "Social Events" means any catered or other social event conducted at the Premises, whether for residents of the Premises or for the general public.

14. You are required to search for the documents responsive to the requests, wherever located, which are: (a) in your actual or constructive possession, custody, care and/or control; (b)

in the actual or constructive possession, custody, care and/or control of your agent, representative or employee; or (c) in the actual or constructive possession, custody, care and/or control of any person who, or entity which, is or has been acting on your behalf or under your direct or indirect control.

15. In the event that any document responsive to any document request is withheld from production upon a claim of attorney-client, work product or other privilege or immunity, you are required to furnish a list, verified by counsel, of the documents withheld from such production, setting forth for each document: (a) the nature of the privilege or immunity claim; (b) the date of the document; (c) the title and general subject matter of the document; (d) the identity of each person who made, prepared or signed the document; (e) the identity of each person to whom the document was addressed and each person to whom a copy was indicated to have been sent or was sent; and (f) the present location of the document.

16. Each document request is continuing in nature, requiring the production of additional documents, should you become aware of or acquire them, in your possession, custody or control after initially responding to these requests.

17. The past tense shall be construed to include the present tense and vice versa, to make the request inclusive rather than exclusive. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

18. Unless otherwise stated, the relevant period for these requests shall be from January 1, 1999 to the present.

## Document Requests

All Documents concerning or in any way related to:

NYC 194204v1 0085520-000001

1. Any Social Event – including any such event held in the Restaurant or the Separate Catering Facility – conducted on or in the Premises, including (a) the advertising, booking, and frequency of, (b) the attendance at, (c) the revenues generated by, and (d) any communication about such events.

2. The lease or other contractual relationship between the Beekman Tenants Corporation (and any predecessor, successor and/or affiliated entity) and White & Witkowsky, Inc. (and any successor, subsidiary, parent, and/or affiliated entity, including without limitation Fourth Wall Restaurants LLC), including without limitation the lease dated as of November 1, 1999 and all amendments, renewals, or other agreements related thereto.

3. The total number of hours each year that the Separate Catering Facility, the Restaurant, or any other part of the Premises is used for Social Events, including the number of hours it takes to set up for and clean up after each Social Event.

4. The number of guests that visit the Restaurant and/or the Separate Catering Facility (including, but not limited to, any reports, studies, or analyses of the intensity of such use).

5. The Certificate of Occupancy for the Premises (the "CO"), including any amendments thereto.

6. Any Communications with the City regarding the use of the Premises, including communications regarding the CO, and/or whether any past, current, or planned use of the Premises is or was an "accessory use" under the City's Zoning Resolution or other applicable land use regulations.

7. Any submission to any taxing or other authority, regarding revenues generated by Social Events.

8. Any analysis, investigation, or communication regarding the taxation of revenues generated by Social Events.

9. Any complaints made concerning operation of the Restaurant and/or the Separate Catering Facility, including complaints about noise, traffic, or trash, by your residents, or by others, including residents of neighboring buildings.

10. Any application for any permit, license or other permission from the City to conduct Social Events, and the issuance or renewal of any such permit, license or other permission, whether formal or informal.

11. Any Communications with the City concerning the (a) issuance, (b) absence, and/or (c) need for a permit, license or other permission, formal or informal, to conduct Social Events at the Premises.

12. Any independent person or entity, including without limitation White & Witkowsky, Inc., the Smith & Wollensky Restaurant Group, and/or Fourth Wall Restaurants LLC, that operates the Restaurant, the Separate Catering Facility, or otherwise performs catering-related services (an "Outside Caterer") with which you have a contractual relationship, including without limitation (a) the terms and scope of that contractual relationship (whether it is oral or reduced to writing); (b) the frequency of the Outside Caterer's use of, or performance of services on or in, the Premises; (c) any repairs or improvements to the Premises made by, and/or for the benefit or use of, the Outside Caterer ; and (d) rent or use payments made by, or other financial arrangements with, the Outside Caterer.

13. Any document or communication related to or concerning any allegation in the Complaint, or any relevant fact, claim or defense in the Action.

14. Any Communications with the City or with Elected Officials concerning the Action.

15. Any Communications with the City concerning: (a) Social Events, (b) the Church, (c) 583 Park Avenue, (d) the Rose Group, or Louis Rose, (e) the Action or any allegations in the Complaint, and (f) the Certificate of Occupancy for the Premises.

16. Any Communications with Elected Officials concerning: (a) Social Events, (b) the Church, (c) 583 Park Avenue, (d) the Rose Group, or Louis Rose, (e) the Action or any allegations in the Complaint, and (f) the Certificate of Occupancy for the Premises.

Exhibit B