Exhibit E

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE  BELLEVUE  LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

VICTOR A. KOVNER
DIRECT (212) 489-8230
victorkovner@dwt.com

1633 BROADWAY
NEW YORK, NY 10019-6708

TEL (212) 489-8230
FAX (212) 489-8340
www.dwt.com

March 6, 2008

**By Hand**

Ms. Susan Relyea
As Member of Co-Op Board of 580 Park Avenue
580 Park Avenue
New York, NY 10065-7313

Re:    *Third Church of Christ, Scientist v. City of New York, et al.; 07 CV 10962 (DAB)*

Dear Ms. Relyea:

This firm represents plaintiff Third Church of Christ, Scientist (the "Church") in this litigation. As you may know, this federal lawsuit was filed by the Church to protect its ability to continue to use its building at 583 Park Avenue as a venue for occasional catered social events, a use that the City initially approved but, in November 2007, decided to prohibit. The United States District Court Judge handling this matter has authorized the Church to conduct what is called "discovery" which is the legal term we use to describe the process of gathering facts that are relevant to a lawsuit. I want you to know that the Church is serving the enclosed subpoena on you only with great reluctance; we would have much preferred to have resolved this matter without need for litigation because we believe the tradition of allowing religious institutions and secular non-profit groups to raise supplemental revenues by permitting their buildings to be used for catered events is good policy. (The Complaint in this matter is attached as Exhibit B to the subpoena.) Unfortunately, it became necessary to file this case to protect the Church. Regrettably, the nature of the legal claims requires us to seek information from you.

Enclosed please find a subpoena that requires you to provide the documents requested in Exhibit A to the subpoena. The subpoena also calls for your testimony, and notes that the date for providing that testimony is March 26, 2008. I understand that there may be scheduling issues, and you should of course feel free to contact me or my colleagues John Cuti and/or Moncia Pa so that we can arrange a mutually convenient date for your testimony. It is more efficient for you to provide the documents that are responsive to the subpoena prior to your testimony. Accordingly, the subpoena requires production of responsive documents on or before March 26, 2008.

Ms. Susan Relyea
March 6, 2008
Page 2



      Finally, enclosed please also find a check in the amount of $ 44, which covers the costs of the witness fee and travel to and from my office to provide testimony pursuant to the subpoena. Again, please accept our apologies in advance for any inconvenience. Please feel free to call us if you have any questions regarding your obligations.

Respectfully submitted,

Victor A. Kovner

cc:    Ave Maria Brennan, Esq. (by email)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN    DISTRICT OF    NEW YORK

THIRD CHURCH of CHRIST, SCIENTIST,
of NEW YORK CITY,        Plaintiff,

V.

THE CITY OF NEW YORK and PATRICIA J.
LANCASTER, in her official capacity as,
Commissioner of the New York City
Department of Buildings,

TO:            Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  07 Civ. 10962 (DAB)

Susan Relyea, as Member of Co-Op Board of 580 Park Avenue
580 Park Avenue
New York, NY 10065-7313

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Davis Wright Tremaine LLP, 1633 Broadway - 27th Fl., NY, NY 10019  Telephone: (212) 489-8230 | DATE AND TIME  3/26/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE  Davis Wright Tremaine LLP, 1633 Broadway - 27th Fl., NY, NY 10019  Telephone: (212) 489-8230 | DATE AND TIME  3/26/2008 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiff | DATE  3/6/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

DAVIS WRIGHT TREMAINE LLP, 1633 Broadway, New York, NY 10019 - (212) 489-8230

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**DAVIS WRIGHT TREMAINE, LLP**
1633 BROADWAY, FLOOR 27
NEW YORK, NY 10019

3861

**citibank**
CITIBANK, N.A. BR.#283
666 FIFTH AVENUE, 5TH FLOOR
NEW YORK, NY 10103

The Citigroup Private Bank

1-8-210

DATE March 6, 2008

PAY FORTY FOUR------------------------------------------------00/100 DOLLARS $ 44.00**

TO THE ORDER OF

SUSAN RELYEA AS MEMBER OF
CO-OP BOARD OF 580 PARK AVENUE
580 PARK AVENUE
NEW YORK, NY    10065-7313

Josephine Q. Hauck

⑈003861⑈ ⑆021000089⑈ 0226167⑈

---

DAVIS WRIGHT TREMAINE, LLP

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY.  NO RECEIPT DESIRED.

DELUXE BUSINESS FORMS 1-800-328-0304 www.deluxeforms.com
DELUXE - FORM WVCB-3 V-2

3861

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 3/6/08 | Witness fees and transportation -- 85520-1 | $44.00 |

V-2

**Exhibit A**

### Definitions and Instructions

1.      "You" or "your" means Susan Relyea, in your individual capacity as well as in your capacity as a member of the Board of Directors of the 580 Park Avenue Cooperative Corporation.

2.      "Documents" has the meaning provided for in the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Southern District of New York and, without limiting the generality of the foregoing, includes the original or any copies, regardless of origin or location, of any correspondence, e-mail, communication, instant message, book, pamphlet, periodical, letter, calendar or diary entry, memorandum, message, telegram, cable, report, facsimile, cover sheet, telephone records, record, resume, recommendation, study, stenographic or handwritten notes, working paper or draft, invoice, voucher, check, statement, degree, diploma, certificate, transcript, award, evaluation, chart, graph, map, diagram, blueprint, charge, petition, affidavit, table, record, log, index, picture, voice recording, tape, microfilm, tape-data sheet or data processing card or disk or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, including electronically stored information, however produced or reproduced, to which you have or had access, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, whether in paper or electronic format, to which you have or had access. Responsive documents are to be taken as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such responsive documents.

3.      "Communications" means the transmission or exchange of information, oral or written, formal or informal, and shall include without limitation, any documents embodying, containing, constituting, discussing, memorializing, referring to or relating to any such contact.

4.     The "Action" means the lawsuit *Third Church of Christ, Scientist, of New York City v. The City of New York, et al.*, 07 Civ. 10962 (DAB), pending in the Southern District of New York.

5.     The "Building" means the Church edifice located at 583 Park Avenue, New York, New York.

6.     The "Complaint" means the complaint filed in the Action, attached hereto as Exhibit B.

7.     The "Church" means the Third Church of Christ, Scientist, of New York City, the plaintiff in the Action.

8.     "Elected Officials" means any person serving in the United States Congress, the New York City Council, or the New York State Legislature and any member of his or her staff, including without limitation the Hon. Carolyn Maloney, Hon. Daniel Garodnick, Hon. Jonathan Bing, or the Hon. Liz Krueger.

9.     The "City" means the City of New York, and all of its officials and agencies, including without limitation the Department of Buildings, the Law Department, the Department of City Planning, the Board of Standards and Appeals, the Mayor and/or any Deputy Mayor and/or any member of their respective staffs.

10.     "Social Events" means any catered or other social event.

11.     You are required to search for the documents responsive to the requests, wherever located, which are: (a) in your actual or constructive possession, custody, care and/or control; (b) in the actual or constructive possession, custody, care and/or control of your agent, representative or employee; or (c) in the actual or constructive possession, custody, care and/or control of any

person who, or entity which, is or has been acting on your behalf or under your direct or indirect control.

12.    In the event that any document responsive to any document request is withheld from production upon a claim of attorney-client, work product or other privilege or immunity, you are required to furnish a list, verified by counsel, of the documents withheld from such production, setting forth for each document: (a) the nature of the privilege or immunity claim; (b) the date of the document; (c) the title and general subject matter of the document; (d) the identity of each person who made, prepared or signed the document; (e) the identity of each person to whom the document was addressed and each person to whom a copy was indicated to have been sent or was sent; and (f) the present location of the document.

13.    Each document request is continuing in nature, requiring the production of additional documents, should you become aware of or acquire them, in your possession, custody or control after initially responding to these requests.

14.    The past tense shall be construed to include the present tense and vice versa, to make the request inclusive rather than exclusive. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive.

15.    Unless otherwise stated, the relevant period for these requests shall be from January 1, 2000 to the present.

### Document Requests

All Documents concerning or in any way related to:

1.    The Church.

2.   The Building.

3.   The Rose Group Park Avenue LLC ("The Rose Group").

4.   Any Social Events conducted at the Building.

5.   Any complaints or concerns regarding Social Events at any of the institutions set forth in paragraph 45 of the Complaint.

6.   Any complaints or concerns regarding Social Events at institutions in the vicinity of the Church.

7.   Any Communication with the City regarding the Church, the Building, or the Rose Group.

8.   Any communication with Elected Officials regarding the Church, the Building, or the Rose Group.

9.   Any communication with the State Liquor Authority, or any of its officers, employees or agents, concerning the Church and/or Social Events conducted in the Building.

10.   Any communication with the City or with Elected Officials concerning the Action.

11.   The Christian Science religion, including any knowledge of or information concerning the beliefs, teachings, or tenets of Christian Science, and/or any views, attitudes, criticisms, or judgments expressed concerning the Church or the Christian Science religion.

12.   Any allegation in the Complaint.

13.   Any Social Events conducted in your building, or at any of the institutions set forth in paragraph 45 of the Complaint.

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
THIRD CHURCH of CHRIST, SCIENTIST, of
NEW YORK CITY,

                 Plaintiff,

       -against-

THE CITY OF NEW YORK and PATRICIA J.
LANCASTER, in her official capacity as
Commissioner of the New York City Department
of Buildings,

               Defendants,
-----------------------------------------------------------x

07-CV-10962
     (DAB)

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Third Church of Christ, Scientist, of New York City (the "Church"), by its undersigned attorneys for its Complaint against Defendants City of New York ("City") and Patricia J. Lancaster, in her official capacity as Commissioner of the New York City Department of Buildings ("DOB") (collectively, the "City" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     For more than 80 years, the Church has owned and worshipped in the historic building located at the northeast corner of Park Avenue and 63rd Street (the "Building"). Time has not been kind to the Building or the Church, whose membership dwindled as the Building fell into disrepair. A declining building is expensive to maintain and repair; growing liabilities for repair and maintenance keep new members away from the Church; a smaller membership makes it harder to raise money to pay for repairs. This was a vicious circle: if the Church failed to raise the substantial funds necessary to renovate the building, and in turn to grow its congregation, it would disappear.

2.     The Church decided to do what many other religious institutions and secular non-profit organizations routinely do to supplement revenues: it entered into a

commercial relationship with a reputable caterer to conduct events in the Building—only at times when the Church was not using the Building for its primary religious purposes – in exchange for urgently needed funds. And, most significantly, the caterer agreed to spend millions of dollars to make necessary major capital repairs and renovations to the Building's aging infrastructure and bring the Building into compliance with the New York City Building Code (the "Required Capital Repairs"), as well as to pay the on-going expenses of maintaining the Building. This relationship was critical to the Church's survival.

      3.    The Church is a good citizen and it went to the City for approval of this traditional accessory use. The City approved the Church's request and granted the necessary permits for the Required Capital Repairs. Doing so was entirely consistent with years of past practice; Defendants routinely permit non-profit groups and religious institutions to use their facilities for catered events for people or companies not otherwise affiliated with the non-profit or religious institution. The Church relied on the City's approval, and the Required Capital Repairs began to be made. To date, the caterer has expended approximately $6.5 million to make the Required Capital Repairs and expects to spend another $1.5 million over the coming months to complete the work. Even though the caterer is undertaking the Required Capital Repairs, the vast majority of the work also benefits the Building and its Church-related uses and will continue to provide that benefit long after the caterer's contract with the Church expires.

      4.    But something unlawful has happened. Defendants have suddenly revoked their prior approval and rescinded the permits. They have done so because a small group of affluent, influential denizens of Park Avenue – all of whom live within a few blocks of the Regency Hotel, the Park Avenue Café, the Park Avenue Armory, the Council on Foreign Relations, the Asia Society and many other institutions that regularly host large social events – have complained that the catered events in the Building have transformed the Church into a