Exhibit J

LAW OFFICES
# KURZMAN KARELSEN & FRANK, LLP
230 PARK AVENUE
NEW YORK, NY 10169
(212) 867-9500

FACSIMILE
(212) 599-1759

www.kurzman.com

ERNEST L. BIAL
LEE D. UNTERMAN
PHYLLIS H. WEISBERG
M. DAVIS JOHNSON
ISAAC A. SALIFER
CHARLES PALELLA
JOSEPH P. TUCKER
JOANNE SEMINARA

SAMUEL B. SEIDEL (1903-2003)

NEW JERSEY DIAL
(973) 273-0455
FAX (973) 273-0459

MARISSA A. WINTER
PAUL J. McGEOUGH
SANDRA DEFEO
ANTHONY T. AGOLIA

COUNSEL
STANLEY E. MARGOLIES
RICHARD E. MILLER
JOSEPH F. SEMINARA
HON. LOUIS C. PALELLA
(JUSTICE, NYS SUPREME COURT, RET.)
DAVID YAVARKOVSKY
EUGENE HABER
ARTHUR R. BLOCK

April 10, 2008

**VIA REGULAR MAIL & FACSIMILE** 212/489-8340

Victor Kovner, Esq.
Davis Wright Tremaine LLP
1633 Broadway – 27th Floor
New York, New York 10019-6708

  Re: *Third Church of Christ, Scientist v. City of New York, et al.*
    07 CV 10962 (DAB)

Dear Mr. Kovner:

  This office represents 570 Park Avenue Apartments, Inc., served herein as 570 Park Avenue Cooperative Corporation ("570 Park") in connection with the above-referenced matter. We are in receipt of the subpoena issued to 570 Park ("Subpoena"), showing a production/inspection date of March 26, 2008. Reference is also made to letter agreement of March 19, 2008 in which your firm consented to an extension of time for 570 Park to provide documents and/or objections and a privilege log until April 10, 2008.

  We hereby object to the subpoena pursuant to FRCP 45(c)(2)(B).

  Preliminarily, the Court's pre-hearing discovery order dated March 3, 2008 ("Order") does not permit Plaintiff to issue any discovery to strictly residential buildings in the Plaintiff's neighborhood. Indeed, the Order limits Plaintiff's discovery to:

> requests for documents and depositions from several religious and non-religious institutions that may conduct similar catered events to those at issue in this matter, as well as document requests and depositions of City officials who may have knowledge relevant to the Church's claims.

(emphasis added) *See* Order of March 3, 2008. That discovery may only be served upon these specified institutions was predicated on your letter to Judge Batts dated

19271

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 2 of 6

February 22, 2008. In said letter, you stated that, "Plaintiff continues to believe that *limited discovery* of the City, *as well as* of non-parties, would help develop the factual record" (emphasis added). Based upon the scope of the Order, 570 Park understands that Plaintiff has no legal right to issue discovery to 570 Park at this point in the litigation, since 570 Park does not conduct any catered events, let alone similar catered events, at its building.

570 Park believes Plaintiff's service of the Subpoena upon it is nothing more than an attempt to interfere with and impede 570 Park in its exercise of its First Amendment right to petition the government for redress.

Notwithstanding the foregoing, and subject to such objection, 570 Park objects, pursuant to FRCP 45(c)(2)(B), to the document requests because they are overly broad, fail to set forth the documents sought with sufficient particularity, unduly burdensome, unreasonable, seek the disclosure of irrelevant and attorney-client privileged information and/or attorney work product, and require the production of certain documents such as board of directors minutes, non-public information such as passwords included in communications with or about State and City Lobbying Commissions, which are confidential and which should not be produced, if at all, without protective measures in place, as is more fully set forth below.

The subpoena subjects 570 Park to an undue burden in order to sort out protected documents. This would result in significant professional, paralegal and clerical expenses as there are over 6,300 emails, some of which include attachments, at least 22 Redwelds, well over 500 photographs, more than 24 DVD videos, and a substantial number of additional documents. 570 objects to production of properly sought non-privileged documents, if any, without fair compensation, including reimbursement of reasonable legal and clerical fees, and copying costs.

With respect to privileged documents, 570 Park is submitting herewith a categorical privilege log and supporting Declaration of Phyllis H. Weisberg, Esq. This is a categorized log because a listing of all such documents would be unduly burdensome and as its preparation would require the review of a large amount of materials which are already the subject of the objections stated herein. 570 Park reserves the right to supplement and itemize the privilege log and said Declaration in the event that the Court directs production of documents.

Moreover, 570 Park objects on the further ground that certain requests are irrelevant to the claims set forth in the complaint and thus the value of the information to plaintiff, if any, is clearly outweighed by the burden upon 570 Park. *See Moon v. SCP Pool Corporation*, 232 F.R.D. 633 (C.D. Cal. 2005). 570 also objects on the ground that certain requests do not describe the documents sought with sufficient particularity. 570 Park further asserts that it is unduly burdensome to produce any and

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 3 of 6

all documents for the period January 1, 2000 to the present, as the subject controversy arose in the Fall of 2006.

As a result of these objections, Plaintiff is not entitled to inspect or copy the documents demanded in the Subpoena without a further court order pursuant to FRCP 45 (c)(2)(B).

The individual objections, all of which incorporate the foregoing objections, follow:

### Request No. 1
All documents concerning or in any way related to the Church.

### Response to Request No. 1
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product. 570 Park further asserts that it is unduly burdensome to produce any and all documents relating to the Church for the period January 1, 2000 to the present.

### Request No. 2
All documents concerning or in any way related to the Building.

### Response to Request No. 2
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information. 570 Park further asserts that it is unduly burdensome to produce any and all documents relating to the Building for the period January 1, 2000 to the present.

### Request No. 3
All documents concerning or in any way related to the Rose Group Park Avenue LLC ("The Rose Group").

### Response to Request No. 3
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information and/or attorney work product.

### Request No. 4
All documents concerning or in any way related to any Social Events conducted at the Building.

192716.1                                3

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 4 of 6

### Response to Request No. 4
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity, burdensome and calls for the production of irrelevant and attorney-client privileged information.

### Request No. 5
All documents concerning or in any way related to any complaints or concerns regarding Social Events at any of the Institutions set forth in paragraph 45 of the Complaint.

### Response to Request No. 5
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information and/or attorney work product.

### Request No. 6
All documents concerning or in any way related to any complaints or concerns regarding Social Events at institutions in the vicinity of the Church.

### Response to Request No. 6
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity, vague and calls for the production of irrelevant and attorney-client privileged information and/or attorney work product.

### Request No. 7
All documents concerning or in any way related to any Communication with the City regarding the Church, the Building or the Rose Group.

### Response to Request No. 7
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information and/or attorney work product.

### Request No. 8
All documents concerning or in any way related to any communication with Elected Officials regarding the Church, the Building, or the Rose Group.

### Response to Request No. 8
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information and/or attorney work product.

192716.1                                          4

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 5 of 6

### Request No. 9
All documents concerning or in any way related to any communication with the State Liquor Authority, or any of its officers, employees or agents, concerning the Church and/or Social Events conducted in the Building.

### Response to Request No. 9
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information and/or attorney work product.

### Request No. 10
All documents concerning or in any way related to any communication with the City or Elected Officials concerning the Action.

### Response to Request No. 10
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information and/or attorney work product.

### Request No. 11
All documents concerning or in any way related to the Christian Science religion, including any knowledge of or information concerning the beliefs, teachings or tenets of Christian Science, and/or any views, attitudes, criticisms, or judgments expressed concerning the Church or the Christian Science religion.

### Response to Request No. 11
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and seeks irrelevant information.

### Request No. 12
All documents concerning or in any way related to any allegation in the Complaint.

### Response to Request No. 12
570 Park objects to this request in its entirety as it is overbroad, fails to set forth the documents sought with sufficient particularity and calls for the production of attorney-client privileged information.

### Request No. 13
All documents concerning or in any way related to any Social Events conducted in your building, or at any of the institutions set forth in paragraph 45 of the Complaint.

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 6 of 6

### Response to Request No. 13
570 Park objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity, vague.

Very truly yours,

KURZMAN KARELSEN & FRANK, LLP

Charles Palella

CP:sd
Encls.

cc:   Ave Maria Brennan, Esq.
      Assistant Corporation Counsel