RECYCLED

**Exhibit M**

LAW OFFICES

# KURZMAN KARELSEN & FRANK, LLP

230 PARK AVENUE

NEW YORK, NY 10169

(212) 867-9500

ERNEST L. BIAL
LEE D. UNTERMAN
PHYLLIS H. WEISBERG
M. DAVIS JOHNSON
ISAAC A. SALFER
CHARLES PALELLA
JOSEPH P. TUCKER
JOANNE SEMINARA

SAMUEL B. SEIDEL (1903-2003)

NEW JERSEY DIAL
(973) 273 0465
FAX (973) 273-0458

FACSIMILE

(212) 599-1759

www.kurzman.com

MARISSA A. WINTER
PAUL J. McGEOUGH
SANDRA DEFEO
ANTHONY T. AGOLIA

COUNSEL
STANLEY E. MARGOLIES
RICHARD E. MILLER
JOSEPH F. SEMINARA
HON. LOUIS C. PALELLA
(JUSTICE NYS SUPREME COURT. RET.)
DAVID YAVARKOVSKY
EUGENE HABER
ARTHUR R. BLOCK

April 10, 2008

**VIA REGULAR MAIL & FACSIMILE** 212/489-8340

Victor Kovner, Esq.
Davis Wright Tremaine LLP
1633 Broadway – 27th Floor
New York, New York 10019-6708

Re:    *Third Church of Christ, Scientist v. City of New York, et al.*
       *07 CV 10962 (DAB)*

Dear Mr. Kovner:

This office represents Beekman Tenants Corporation served herein as The Beekman Hotel ("Beekman") in connection with the above referenced matter. We are in receipt of the subpoena issued to Beekman at 575 Park ("Subpoena"), showing a production/inspection date of March 26, 2008. Reference is also made to letter agreement of March 19, 2008 in which your firm consented to an extension of time for Beekman to provide documents and/or objections and a privilege log until April 10, 2008.

We hereby object to the subpoena pursuant to FRCP 45(c)(2)(B).

Preliminarily, the Court's pre-hearing discovery order dated March 3, 2008 ("Order") does not permit Plaintiff to issue any discovery to strictly residential buildings in the Plaintiff's neighborhood. Indeed, the Order limits Plaintiff's discovery to:

> requests for documents and depositions from several *religious and non-religious institutions that may conduct similar catered events to those at issue in this matter,* as well as document requests and depositions of City officials who may have knowledge relevant to the Church's claims.

(emphasis added) *See* Order of March 3, 2008. That discovery may only be served upon these specified institutions was predicated on your letter to Judge Batts dated

193700.1

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 2 of 7

February 22, 2008.  In said letter, you stated that, "Plaintiff continues to believe that *limited discovery* of the City, *as well as* of non-parties, would help develop the factual record" (emphasis added).  Based upon the scope of the Order, Beekman understands that Plaintiff has no legal right to issue discovery to Beekman at this point in the litigation, because Beekman itself does not conduct any catered events, let alone similar catered events, at its building.  (There is a Restaurant Tenant of Beekman that operates a restaurant on the premises; however, the tenant is a separate and not an "affiliated" entity and its operations are not under the control of Beekman.)

Beekman believes Plaintiff's service of the Subpoena upon it is nothing more than an attempt to interfere with and impede Beekman in its exercise of its First Amendment right to petition the government for redress.

Notwithstanding the foregoing, and subject to objections, Beekman objects, pursuant to FRCP 45(c)(2)(B), to the document requests because they are overly broad, fail to set forth the documents sought with sufficient particularity, unduly burdensome, unreasonable, and seek the disclosure of irrelevant and attorney-client privileged information and/or attorney work product, require the production of certain documents such as board of directors minutes, tax returns, non-public information such as passwords included in communications with or about State and City Lobbying Commissions, and other documents, which are confidential and which should not be produced, if at all, without protective measures in place, as is more fully set forth below.

The subpoena subjects Beekman to an undue burden in order to sort out protected documents.  This would result in significant professional, paralegal and clerical expenses as there are over 6,900 emails, at least 42 Redwelds, well over 500 photographs, more than 24 DVD videos, and a substantial number of additional documents.  Beekman objects to production of properly sought non-privileged documents, if any, without fair compensation, including reimbursement of reasonable legal and clerical fees, and copying costs.

With respect to privileged documents, Beekman is submitting herewith a categorical privilege log and supporting Declaration of Phyllis H. Weisberg, Esq.  This is a categorized log because a listing of all such documents would be unduly burdensome and as its preparation would require the review of a large amount of materials which are already the subject to the objections stated herein.  Beekman reserves the right to supplement and itemize the privilege log and said Declaration in the event that the Court directs production of documents.

Moreover, Beekman objects on the further ground that certain requests are irrelevant to the claims set forth in the complaint and thus the value of the information to Plaintiff, if any, is clearly outweighed by the burden upon Beekman.  *See Moon v. SCP Pool Corporation*, 232 F.R.D. 633 (C.D. Cal. 2005).  Beekman also

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 3 of 7

objects on the ground that certain requests do not describe the documents sought with sufficient particularity.    Beekman further asserts that it is unduly burdensome to produce any and all documents for the period January 1, 1999  to the present, as the subject controversy arose in the Fall of 2006.

Finally, Beekman objects on the grounds that certain documents sought by the subpoena are not in its possession or control, but rather are under the possession or control of a tenant, which is an unrelated entity.

As a result of these objections, Plaintiff is not entitled to inspect or copy the documents demanded in the Subpoena without a further court order pursuant to FRCP 45(c)(2)(B).

The Individual objections, all of which incorporate the foregoing objections, follow:

**Request No. 1**
All documents concerning or in any way related to any Social Event- including any such event held in the Restaurant or the Separate Catering Facility – conducted on or in the Premises, including  (a) the advertising, booking, and frequency of, (b) the attendance at, (c) the revenues generated by, and (d) any communication about such events.

**Response to Request No. 1**
Beekman objects to this request in its entirety as it is overly broad, vague, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

**Request No. 2**
All documents concerning or in any way related to the lease or other contractual relationship between the Beekman Tenants Corporation (and any predecessor, successor and/or affiliated entity) and White & Witkowsky, Inc. (and any successor, subsidiary, parent and/or affiliated entity, including without limitation Fourth Wall Restaurants LLC), including without limitation the lease dated as of November 1, 1999 and all amendments, renewals, or other agreements related thereto.

**Response to Request No. 2**
Beekman objects to this request in its entirety as it is overly broad, unduly burdensome with the exception of the specified lease, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

193700.1                                              3

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 4 of 7

### Request No. 3
All documents concerning or in any way related to the total number of hours each year that the Separate Catering Facility, the Restaurant, or any other part of the Premises is used for Social Events, including the number of hours it takes to set up for and clean up after each Social Event.

### Response to Request No. 3
Beekman objects to this request in its entirety as it is overly broad, vague, unduly burdensome, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 4
All documents concerning or in any way related to the number of guests that visit the Restaurant and/or the Separate Catering Facility (including, but not limited to, any reports, studies, or analyses of the intensity of such use

### Response to Request No. 4
Beekman objects to this request in its entirety as it is overly broad, vague, fails to set forth the documents sought with sufficient particularity and seeks documents not in the possession or control of Beekman.

### Request No. 5
All documents concerning or in any way related to the Certificate of Occupancy for the Premises (the "CO"), including any amendments thereto.

### Response to Request No. 5
Beekman objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 6
All documents concerning or in any way related to any Communications with the City regarding the use of the Premises, including communications regarding the CO, and/or whether any past, current or planned use of the Premises is or was an "accessory use" under the City's Zoning Resolution or other applicable land use regulations.

### Response to Request No. 6
Beekman objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 5 of 7

### Request No. 7
All documents concerning or in any way related to any submission to any taxing or other authority, regarding revenues generated by Social Events.

### Response to Request No. 7
Beekman objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information, and/or attorney work product, and some confidential documents.

### Request No. 8
All documents concerning or in any way related to any analysis, investigation, or communication regarding the taxation of revenues generated by Social Events.

### Response to Request No. 8
Beekman objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information, and/or attorney work product and confidential documents.

### Request No. 9
All documents concerning or in any way related to any complaints made concerning operation of the Restaurant and/or the Separate Catering Facility, including complaints about noise, traffic or trash, by your residents, or by others, including residents of neighboring buildings.

### Response to Request No. 9
Beekman objects to this request in its entirety as it is overly broad, vague and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 10
All documents concerning or in any way related to any application for any permit, license or other permission from the City to conduct Social Events, and the issuance or renewal of any such permit, license or other permission, whether formal or informal.

### Response to Request No. 10
Beekman objects to this request in its entirety as it is overly broad, vague and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

KURZMAN KARELSEN & FRANK, LLP

Victor Kovner, Esq.
April 10, 2008
Page 6 of 7

### Request No. 11

All documents concerning or in any way related to any Communications with the City concerning the (a) issuance, (b) absence, and/or (c) need for a permit, license or other permission, formal or informal, to conduct Social Events at the Premises.

### Response to Request No. 11

Beekman objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 12

All documents concerning or in any way related to any independent person or entity, including without limitation White & Witkowsky, Inc., the Smith & Wollensky Restaurant Group, and/or Fourth Wall Restaurants LLC, that operates the Restaurant, the Separate Catering Facility, or otherwise performs catering-related services (an "Outside Caterer") with which you have a contractual relationship, including without limitation (a) the terms and scope of that contractual relationship (whether it is oral or reduced to writing); (b) the frequency of the Outside Caterer's use of, or performance of services on or in, the Premises; (c) any repairs or improvements to the Premises made by, and/or for the benefit or use of, the Outside Caterer; and (d) rent or use payments made by, or other financial arrangements with, the Outside Caterer.

### Response to Request No. 12

Beekman objects to this request in its entirety as it is overly broad, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information, and/or attorney work product, and confidential and/or proprietary information.

### Request No. 13

All documents concerning or in any way related to any document or communication related to or concerning any allegation in the Complaint, or any relevant fact, claim or defense in the Action.

### Response to Request No. 13

Beekman objects to this request in its entirety as it is overly broad, vague, fails to set forth the documents sought with sufficient particularity and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 14

All documents concerning or in any way related to any Communications with the City or with Elected Officials concerning the Action.

**KURZMAN KARELSEN & FRANK, LLP**

Victor Kovner, Esq.
April 10, 2008
Page 7 of 7

### Response to Request No. 14
Beekman objects to this request in its entirety as it is overly broad and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 15
All documents concerning or in any way related to any Communications with the City concerning: (a) Social Events, (b) the Church, (c) 583 Park Avenue, (d) the Rose Group, or Louis Rose, (e) the Action or any allegations in the Complaint, and (f) the Certificate of Occupancy for the Premises.

### Response to Request No. 15
Beekman objects to this request in its entirety as it is overly broad, vague and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

### Request No. 16
All documents concerning or in any way related to any Communications with Elected Officials concerning: (a) Social Events, (b) the Church, (c) 583 Park Avenue, (d) the Rose Group, or Louis Rose, (e) the Action or any allegations in the Complaint, and (f) the Certificate of Occupancy for the Premises.

### Response to Request No. 16
Beekman objects to this request in its entirety as it is overly broad, vague and calls for the production of irrelevant as well as attorney-client privileged information and/or attorney work product.

Very truly yours,

KURZMAN KARELSEN & FRANK, LLP

Charles Palella

CP:sd
Encls.

cc:    Ave Maria Brennan, Esq.
      Assistant Corporation Counsel

193700.1                           7