UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------x
THIRD CHURCH OF CHRIST, SCIENTIST,       :
OF NEW YORK CITY,
                                         :
                 Plaintiff,
                                         :
        - against -                          File No. 07 Civ. 10962 (DAB)
                                         :
THE CITY OF NEW YORK and PATRICIA
J. LANCASTER, in her official capacity as :
Commissioner of the New York City
Department of Buildings,                 :

                                         :
                 Defendants.             :
------------------------------x

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RIVERSIDE CHURCH TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA

April 28, 2008

PATTON, EAKINS, LIPSETT, HOLBROOK & SAVAGE
Attorneys for Riverside Church
420 Lexington Avenue, Suite 2805
New York, New York 10170
Tel.: (212) 867-8280

#612820

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x
THIRD CHURCH OF CHRIST, SCIENTIST,     :
OF NEW YORK CITY,
                                       :
            Plaintiff,
                                       :
       - against -                                 **File No. 07 Civ. 10962 (DAB)**
                                       :
THE CITY OF NEW YORK and PATRICIA
J. LANCASTER, in her official capacity as :
Commissioner of the New York City
Department of Buildings,               :

            Defendants.                :
------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RIVERSIDE CHURCH TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA

Plaintiff has moved to compel The Riverside Church as a non-party witness to produce documents pursuant to a subpoena served on Riverside Church on March 6, 2008. Riverside Church served timely objections to the subpoena pursuant to F.R.C.P. 45(c)(2)(B). Those Objections are attached as Exhibit B to the accompanying affidavit of Delbert Glover, Chief Administrative Officer of Riverside Church. The facts in support of the Objections are set forth in the Objections and in the affidavit of Mr. Glover.

A basic consideration in determining whether to afford a non-party witness protection from a subpoena under F.R.C.P. 45(c)(3) is whether the information sought is material or

relevant to the action. The Advisory Committee Notes to Rule 45 state that paragraph c(3) tracks the provisions of Rule 26(c). Under both paragraphs lack of materiality or relevancy of the information sought in the subpoena is a basis for affording protection to the witness.

Under Rule 26(b)(1), discovery is permitted in regard to matters "relevant to any party's claim or defense". The focus should be on the actual claims and defenses involved in the action, Fed. R. Civ. P. 26(b)(1) Advisory Committee Note (2000).

Third Church catering arrangements

The claims in the complaint herein concern action taken by the defendant, City of New York, to terminate a specific lease whereby the Rose Group is permitted to host catered functions in the Third Church building over a 20 year period in exchange for a payment of $8 million for capital repairs, ongoing maintenance of the building, payment of annual rent and payment of a percentage of gross revenue over a certain threshold. The complaint makes clear that it was this specific arrangement for which Third Church sought Pre-Consideration from the Department of Buildings and against which the Department by letter of October 29, 2007, acted by prohibiting catered events by the Rose Group after April 28, 2008, and revoking permits authorizing the capital repairs. According to the complaint (¶59) the City determined that Third Church's Building is effectively a catering hall.

Riverside Church catering arrangements are not remotely comparable to those of Third Church.

The accompanying affidavit of Delbert Glover makes clear that the catering arrangement described in the complaint which the City acted against and which, according to the complaint,

the City views as making Third Church's building a catering hall, bears no resemblance to the catering contract and services in place at Riverside Church. Nonetheless, since the complaint does concern a catering arrangement, Riverside Church has given, and offered, limited disclosure with respect to its catering arrangements. Third Church has sought to broaden the area of focus from the particular type of catering arrangement described in the complaint to all social events held at Riverside Church. As shown in the Glover affidavit, the requests in the subpoena for information unrelated to the facts in the complaint were properly objected to by Riverside Church.

In particular, the Glover affidavit establishes (i) that the catering arrangements of Riverside Church involve no control by the caterer over church space, (ii) that there is no revenue sharing between the Church and Madeline's, (iii) that use of space for social and other events at Riverside Church is under the control of the Church, and (iv) that the revenues from such events are paid entirely to Riverside Church and are used for its religious, educational and charitable purposes.

In addition, the Glover affidavit shows that the role of the caterer at Riverside Church is simply to provide necessary food service for Church functions and other functions in the Church buildings, which is a role totally ancillary to the operations of Riverside Church. As shown in the Glover affidavit, Riverside Church pays the caterer for providing food service far more than the caterer pays Riverside for the use of the Riverside Church kitchen.

<u>The subpoena demands are not relevant when examined
against the claims for relief in the complaint.</u>

Not only do the demands in Third Church's subpoena which are challenged by Riverside Church lack relevance as noted above when measured against the facts alleged in the complaint, those demands also lack relevance when examined in light of the various claims for relief alleged in the complaint.

Plaintiff's First Claim for Relief under RLUIPA, alleges that the City is treating Third Church on less than equal terms with comparable *non-religious* institutions (complaint, paragraphs. 64 and 65). Since Riverside Church is a religious institution the information requested in the subpoena from Riverside Church has no relevance to this claim.

Plaintiff's Second Claim for Relief under RLUIPA, alleges that the above described actions of the City will coerce Third Church into attempting to continue to conduct its religious activities in an inadequate facility, thereby impeding its religious exercise and that the actions do not further any legitimate governmental interest relating to quality of life given that the City allows events similar to the catered events of the Rose Group in other facilities in the *immediate neighborhood* of Third Church (paragraph 74 of the complaint). Nothing requested in the subpoena can contribute to this claim, particularly since Riverside Church at 122nd Street and Riverside Drive is located far from the *immediate neighborhood* of Third Church.

Plaintiff's Third Claim for Relief asserts an equal protection claim under 42 U.S.C.A. §1983. However, Riverside Church is unable to contribute to plaintiff's establishing any of the requisites for such a claim in that:

    **(a)** Plaintiff must show that, compared with others similarly situated, it was

selectively treated. For the reasons set forth in the affidavit of Delbert Glover and herein, plaintiff and Riverside Church are not similarly situated and with respect to Riverside Church plaintiff fails to meet the requisite high level of similarity set forth as follows in Skehan v. Village of Mamaroneck, 465 F.3d 96, 110 (2d Cir. 2006):

> "***In establishing the similarly-situated element, we have warned that "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005). A plaintiff must show that (1) "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and [(2)] the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake". Id. at 105."

**(b)** Plaintiff must show that the City had knowledge of violations on the part of Riverside Church, La Trieste Restaurant v. Village of Portchester, 188 F.3d 65, 69 (2d Cir. 1999), cert. den. 528 U.S. 1187 (2000). An indicated in the objections of Riverside Church to the subpoena and in the affidavit of Delbert Glover, Riverside Church has located no documents as requested in the subpoena as to any communications between Riverside Church and the City regarding the use of the church premises or permits from the City for social events.

**(c)** Plaintiff must show that such selective treatment was based on impermissible considerations, see Lisa's Party City, Inc. v. Town of Henrietta, 185 F.3d 12, 16 (2nd Cir. 1999). Any such impermissible considerations, as are alleged in paragraph 84 of the complaint, come from sources other than Riverside Church.

Plaintiff's Fourth Claim for Relief pursuant to 42 U.S.C. §1983, alleges deprivation by the City of plaintiff's right to the free exercise of religion because of denial of equal protection

and lack of any compelling reason or rational basis. Again, Riverside Church has no documents which can contribute to establishing this cause of action.

Conclusion

For the above reasons the motion of plaintiff to compel Riverside Church to comply with the subpoena should be denied in all respects.

Dated: April 28, 2008

                PATTON, EAKINS, LIPSETT, HOLBROOK & SAVAGE
                Attorneys for Riverside Church

                By: _____
                         Frank Patton, Jr., Esq. (FP 5237)

                420 Lexington Avenue, Suite 2805
                New York, New York 10170
                Tel.: (212) 867-8280