UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

THIRD CHURCH OF CHRIST, SCIENTIST, of NEW YORK CITY,

                               Plaintiff,

-against-

THE CITY OF NEW YORK and PATRICIA J. LANCASTER, in her official capacity as Commissioner of the New York City Department of Buildings,

                               Defendant.

----------------------------------------------------------------x

07 Civ. 10962 (DAB)
(ECF)

DECLARATION OF ALEXANDER FERRINI IN OPPOSITION TO MOTION TO COMPEL DISCLOSURE PURSUANT TO SUBPOENA AND IN SUPPORT OF CROSS-MOTION TO QUASH

I, **ALEXANDER FERRINI**, pursuant to 28 U.S.C. §1746, declare as follows:

1. I represent The Fourth Universalist Society of New York (the "Society"), located at 160 Central Park West, New York, New York, which is not a party to the above-referenced case. I respectfully submit this declaration, and the Declaration of the Reverend Rosemary Bray McNatt, dated June 26, 2008, and the Society's Memorandum of Law, in opposition to Plaintiff Third Church of Christ, Scientist, of New York's ("Plaintiff") motion to compel compliance (the "Motion") with a non-party subpoena (the "Subpoena") that it served on the Society demanding documents and a deposition, and in support of the Society's cross-motion to quash the Subpoena. A copy of the Subpoena is attached to the Declaration of Monica Pa, dated May 5, 2008 (the "Pa Declaration") and submitted in support of Plaintiff's Motion, as Exhibit B.

2. I have reviewed the Subpoena, the Plaintiff's Complaint, and the other papers previously filed in this case (including this Court's Order, dated March 3, 2008,

regarding Plaintiff's request for pre-hearing discovery). I have also reviewed these documents, and the facts of the case with the Society. Upon such review, it is apparent that information relating to the Society's use of its facility is completely irrelevant to the disputed issues present in this case.

3. The Plaintiff, understandably, wishes to portray itself as a religious institution that has been unfairly singled out from a group of similarly situated churches, all of which have catering arrangements like Plaintiff's. In response, the City of New York (the "City") has specifically identified characteristics of the Plaintiff's lease and exclusive business arrangement with a non-religious, for-profit, commercial caterer (the "Rose Groupd") to justify its actions. The City's position appears to be that the extent of the Rose Group's dominion and control over Plaintiff's facilities, granted to the Rose Group by Plaintiff via a long-term lease, renders the Rose Group's use more than merely "accessory." Plaintiff now seeks discovery from the Society, among others, in an attempt to rebut the City and prove that its business relationship with the Rose Group is a commonplace accessory use. In doing so, however, the Plaintiff has overreached; its Subpoena to the Society is at best a needless distraction and waste of resources, and at worst an over-burdensome invasion of the Society's privacy.

4. The Society does not provide any catering services, and has no standing arrangement (contractual or otherwise) with any outside caterer. The Society does not lease its facilities, or any portion thereof, to an outside caterer. The Society has not ceded in any way any control over its facility to any commercial caterer, and remains in charge of and responsible for the physical appearance and maintenance of its facility. The Society has not asked any commercial caterer to pay for repairs in exchange for the

exclusive use of its facility. No commercial caterer ever has authority over the Society's facility, and no commercial caterer is allowed to use the Society's facility for its own profit. In the limited instances where the Society does rent its space, it does so by license, revocable at will by the Society, and always retains exclusive control and dominion over its facility.

5. Simply put, the Society and the Plaintiff are not alike. Considering the radical differences between how the Plaintiff and the Society operate vis-à-vis outside caterers (i.e., the Society does not cater events, and has no contractual relationship or lease with an outside caterer), the specifics of the Society's license agreements would have no probative value because they could not in any way tend to show that the Plaintiff's catering arrangements are a customary "accessory use."

6. The other information sought by Plaintiff to show that the Society and the Plaintiff are similarly situated (i.e., that the Society advertises, that the Society rents out it space to non-members, etc.) is already publicly available, and has already been submitted by the Plaintiff to this Court; thus there is no need to burden the Society, a non-party, with the duplicate production of this information. Likewise, the information sought by the Plaintiff regarding the Society's dealings with the City, if any, would all be in the possession of the City.

7. In addition, the financial information demanded in the Subpoena is confidential, and should not be subject to disclosure. The Society maintains its financial information as confidential, and provides its donors and those who deal with it an expectation that their financial information will be kept confidential. This expectation of confidentiality, and the Society's right to privacy, do not need to be embodied in a

written agreement. Particularly here, where the Society is not a party to this lawsuit, and where the financial information sought has no probative value, there is no reason why the Society should be forced to run over this confidential information.

8. In applying these points to the individual document requests enumerated in the Subpoena, the Society specifically objects and responds as follows:

Req. 1   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; 2) already in the possession of a party to this lawsuit; and 3) confidential.

Req. 2   This request is unduly burdensome and overbroad in that it seeks information that is not relevant to the issues in this lawsuit.

Req. 3   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; 2) already in the possession of a party to this lawsuit; and 3) is in the public domain.

Req. 4   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) already in the possession of a party to this lawsuit.

Req. 5   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) confidential.

Req. 6   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) confidential.

Req. 7   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) already in the possession of a party to this lawsuit.

Req. 8   This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) already in the possession of a party to this lawsuit.

| | |
|---|---|
| Req. 9 | This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; 2) confidential. (Without waiving this objection, the Society affirmatively states that it has no contractual relationship with any Outside Caterer.) |
| Req. 10 | This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; 2) is in the public domain; and 3) is already in the possession of a party to this lawsuit. |
| Req. 11 | This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) confidential. |
| Req. 12 | This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; 2) already in the possession of a party to this lawsuit; and 3) confidential. |
| Req. 13 | This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; 2) already in the public domain; and 3) confidential. |
| Req. 14 | This request is unduly burdensome and overbroad in that it seeks information that is: 1) not relevant to the issues in this lawsuit; and 2) already in the public domain. |

9. Plaintiff's offer to narrow the demands (see the Pa Declaration) does not overcome the Society's basic objections to the Subpoena. In short, the Society should not be made to produce <u>any</u> documents or information where the information is confidential, where the Society is not a litigant, and where the information sought bears no relation to the issues present in the case.

10. Indeed, I respectfully submit that Plaintiff's pursuit of discovery from the Society is contrary to the Court's Order, dated March 3, 2008. That Order, by its terms, allowed non-party discovery from "religious and non-religious institutions that may

conduct similar catered events to those at issue in this matter. . ." The Society does not conduct catered events, and provides no catering service, and thus should not be subject to non-party discovery in this lawsuit.

11. Plaintiff accuses the Society of "dilatory" conduct in its response (or lack of response) to the Subpoena, and implies that the Society somehow consented or waived its right to object to the Subpoena. Both accusations have no merit, and should be disregarded by the Court.

12. The Society, in good faith but without the benefit of counsel, timely responded to direct demands and correspondence from Plaintiff's attorney. I respectfully submit that Plaintiff's attorney's direct correspondence with the Society may have placed undue pressure on the Society to respond as it did. For example, Plaintiff's attorney told the Society that Plaintiff had "a court order permitting us to take discovery from churches that host social events." See Exhibits D and E to the Pa Declaration. While lawyers understand this language, such communication could easily be intimidating to a layperson.

13. Nevertheless, even without the benefit of counsel, the Society consistently indicated that it was reserving its rights regarding the confidentiality and privacy of the information sought by the Plaintiff. Immediately upon consultation with counsel, and within a reasonable period of time after receipt of the Subpoena, the Society formally objected to the Subpoena (see Exhibit F to the Pa Declaration). At no time did the Society intend to, nor did it, waive any rights it had or may have had to object to the Subpoena or to the production of the information sought therein.

14. For these reasons, and for the reasons set forth in the other papers submitted by the Society in opposition to Plaintiff's Motion (the Declaration of The Reverend Rosemary Bray McNatt and the Memorandum of Law submitted herewith), the Society respectfully requests that the Plaintiff's Motion be denied in its entirety, that the Society's cross-motion to quash the Subpoena be granted, and the Society be granted such other and further relief as this Court may deem just and proper.

I declare under penalties of perjury that the forgoing is true and correct.

Executed on June 29, 2008

_____/s_____
Alexander Ferrini
(AF2072)