------------------------------------------------------------------x

| | |
|---|---|
| THIRD CHURCH OF CHRIST, SCIENTIST, of NEW YORK CITY, | 07 Civ. 10962 (DAB) (ECF) |
| Plaintiff, | DECLARATION OF THE REV. ROSEMARY BRAY MCNATT IN OPPOSITION TO MOTION TO COMPEL DISCLOSURE PURSUANT TO SUBPOENA AND IN SUPPORT OF CROSS-MOTION TO QUASH |
| -against- | |
| THE CITY OF NEW YORK and PATRICIA J. LANCASTER, in her official capacity as Commissioner of the New York City Department of Buildings, | |
| Defendant. | |

------------------------------------------------------------------x

I, **ROSEMARY BRAY MCNATT**, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am the Minister of The Fourth Universalist Society (the "Society"), located at 160 Central Park West, New York, New York. I respectfully make this declaration based on my personal knowledge in opposition to plaintiff Third Church of Christ, Scientist, of New York's ("Plaintiff") motion to compel compliance (the "Motion") with a non-party subpoena that it served on the Society demanding documents and a deposition, and in support of the Society's cross-motion to quash the Subpoena.

2. The Society is not a party to this lawsuit. Indeed, based on the facts as alleged in the Plaintiff's Complaint, the Society and the Plaintiff have almost nothing in common relative to the issues present in this lawsuit; the Society provides no catering at, and does not lease out, its facilities.

3.      On or about March 6, 2008, I received a letter containing a Subpoena from Victor Kovner, an attorney representing the Plaintiff. A copy of Mr. Kovner's letter and the enclosed Subpoena are attached to Plaintiff's papers in support if its present motion (Declaration of Monica Pa) as Exhibit B.

4.      Thereafter, I and other members of the staff of the Society had some limited communication with Plaintiff's attorneys. Copies of the written correspondence between the Society and Plaintiff's attorneys are attached to the Declaration of Monica Pa as Exhibits D and E. Neither the Society nor I was represented by counsel during these communications. The Society did not intend to, nor did it, waive any rights it had or may have had to object to the Subpoena or to protect its rights and privacy, and the rights and privacy of those with whom the Society may have had contact. Indeed, I specifically told Plaintiff's attorneys that the Society was reviewing and intended to protect its rights.

5.      I have reviewed Plaintiff's Complaint and the Subpoena. All of the documents and information requested therein from the Society are either: a) not relevant to Plaintiff's lawsuit because the Society and its operations are fundamentally different from the operations described in the Complaint and which allegedly caused the City's complained-of actions; or b) confidential, and would be both burdensome and prejudicial to produce.

6.      The Society is fundamentally different from Plaintiff because it does not lease any portion of its facilities for catering events; provides no catering service; does not allow outside contracted catering entities to determine what events are held at the Society; has not allowed or asked any outside catering entity to pay for or perform repairs

to its facility in exchange for such entity's use of the facilities; and has not entered into any contractual or other relationship with an outside catering entity allowing such entity dominion and control over the Society's facilities or premises for purely commercial reasons. Rather, the Society licenses its space on an extremely limited basis, revocable at will by the Society, and at all times retains exclusive control and dominion over its facility for the purpose of fulfilling its pastoral mission.

7. In addition, the financial and other information demanded in the Subpoena is highly confidential. Our members, donors, and those whom we allow to license our space all have an expectation of privacy; they are entitled, and the Society has a duty and a right, to have their financial affairs and dealings with the Society kept confidential. This is particularly so where, as in this case, they are not parties to the litigation, and the disclosure of such information serves no useful purpose.

8. The offer of Plaintiff's attorneys to "work with" the Society to reduce the burdens of production, or to somehow "limit the temporal scope of the Subpoena," does not overcome the Society's basic objections to the Subpoena. In short, the Society should not be made to produce any documents or information where the information is confidential, where the Society is not a litigant, and where the information sought bears no relation to the issues present in the case.

9. For these reasons, and for the reasons set forth in the other papers submitted by the Society in opposition to Plaintiff's Motion, the Society respectfully requests that the Plaintiff's Motion be denied in its entirety, that the Society's cross-motion to quash the Subpoena be granted, and the Society be granted such other and further relief as this Court may deem just and proper.

I declare under penalties of perjury that the forgoing is true and correct.

Executed on June 26, 2008

*Rev. Rosemary Bray McNatt*
Rosemary Bray McNatt