UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THIRD CHURCH OF CHRIST, SCIENTIST, of    07 Civ. 10962 (DAB)
NEW YORK CITY,                            (ECF)

                              **Plaintiff,**

                  -against-

THE CITY OF NEW YORK and PATRICIA J.
LANCASTER, in her official capacity as
Commissioner of the New York City Department
of Buildings,

                              **Defendant.**
-----------------------------------------------------------------x

**MEMORANDUM OF LAW ON NON-PARTY THE FOURTH
UNIVERSALIST SOCIETY IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND IN
<u>SUPPORT OF CROSS-MOTION TO QUASH</u>**

**Alexander Ferrini III, Attorney at Law, P.C.**
*Attorney for Non-Party The Fourth Universalist Society*
**270 Madison Avenue
New York, New York 10016
212-766-4300**

## **TABLE OF CONTENTS**

**Preliminary Statement**……………………………………………...1

**Factual and Procedural Background**…………………………….... 1

**Argument**………………………………………...………………..4

**Conclusion**…………………………………………………….. 8

## TABLE OF AUTHORITIES

**CASES**

Am. Sav. Bank, FSB v. UBS Paine Webber, Inc. (In re Fitch, Inc.), 330 F.3d 104, 108 (2d Cir. 2003)..................................................................................................4

Beinin v. Center for Study of Popular Culture, 2007 WL 832962 (D.C.Cal.2007) ........... 5

Bell Atl. Corp. v. AT&T Corp. (In re Bell Communs. Research), 1997 U.S. Dist LEXIS 191, No. MA-85, 1997 WL 10919 at 2 (S.D.N.Y. 1997).................................. 5

Chase Nat. Bank of City of New York v. Portland General Electric Co., 2. F.R.D. 484 (S.D.N.Y.1942) ................................................................................................ 4

Cofield v. City of LaGrange, 913 F.Supp. 608, 614 (D.D.C. 1996).................................... 5

Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335 (D.C.Cal.1995)......................................................................................................... 4

Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).................................. 5, 8

Ebbert v. Nassau County, No. 05 Civ. 5445, 2007 WL 674725 (E.D.N.Y. 2007)............. 5

Eisemann v. Greene, 1998 U.S. Dist. LEXIS 4591, 4, 1998 WL 164821, 2 (S.D.N.Y. 1998)..................................................................................................... 4

Fago v. City of Hartford, No. Civ. 3:02 1189, 2003 WL 23689571 (D. Conn. Dec. 31, 2003) ................................................................................................................ 5

Fears v. Wilhelmina Model Agency, Inc., 2004 U.S.Dist LEXIS 5575, 02 Civ. 4911, 2004 WL 719185 (S.D.N.Y. 2004)............................................................... 5

In re Flegtelecomholdings, Ltd. Secs. Liti., 02 Civ. 3400, 2006 U.S. Dist. LEXIS 69140, 2006 WL 264192 (S.D.N.Y. 2006)............................................................. 8

Johnson v. Bryco Arms, 226 F.R.D. 441 (E.D.N.Y. 2005) ................................................ 5

Jones v. Hirschfeld, 219 F.R.D. 71, 74 (S.D.N.Y.2003) .................................................... 4

Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005) .................................................... 6

New York State Energy Research & Dev. Authority v. Nuclear Fuel Servs., Inc., 97. F.R.D. 709, 712 (W.D.N.Y 1983)..................................................................... 4

Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382, 2003 U.S.Dist EXIS 23179, 2003 WL 23018833 (S.D.N.Y. 2003).................................................................... 5

Powell v. Gardner, 891 F.2d 1039, 1046 (2d Cir. 1989) .................................................... 4

Skehan v. Village of Mamaroneck, 465 F.3d 96, 100 (2d Cir. 2006)................................. 6

United States v. International Bus. Mach. Corp., 83 F.R.D. 97, 014 (S.D.N.Y. 1979) ....................................................................................................................... 4

**STATUTES**

42 U.S.C. §1983................................................................................................................. 6

42 U.S.C §2000cc .............................................................................................................. 6

F.R.C.P. 26(b)(2)(C)(i) ...................................................................................................... 7

F.R.C.P. 45(c)(3)(A)(iv) .................................................................................................... 4

## PRELIMINARY STATEMENT

The Fourth Universalist Society (the "Society") respectfully submits this Memorandum of Law, together with the Declaration of The Reverend Rosemary Bray McNatt, dated June 26, 2008 (the "McNatt Declaration"), and the Declaration of Alexander F. Ferrini, dated June 29, 2008 (the "Ferrini Declaration"), in opposition to the motion (the "Motion") made by Plaintiff Third Church of Christ, Scientist, of New York City ("Plaintiff") to compel the Society's compliance with a subpoena served by Plaintiff on the Society (the "Subpoena"), and in support of the Society's cross-motion to quash the Subpoena.

The Society is not a party to the above-referenced lawsuit (the "Lawsuit") between Plaintiff and the City of New York (the "City"). Nonetheless, Plaintiff is seeking discovery from the Society based on Plaintiff's claim that the Society and Plaintiff are so similarly situated that this Court should judge the City's action vis-à-vis Plaintiff in comparison to the City's action (or inaction) vis-à-vis the Society. In fact, with regard to the matters at issue in the Lawsuit, the Society and the Plaintiff have nothing in common. Accordingly, the Society should not be subject to non-party discovery proceedings, and the Subpoena should be quashed.

## FACTUAL AND PROCEDURAL BACKGROUND

The background facts regarding the Lawsuit, and Plaintiff's purported basis for seeking non-party discovery, are amply set forth in the various papers submitted by other non-parties (The Metropolitan Club, Inc., The Riverside Church, and the Roman Catholic Church of St. Ignatius Loyola) who have objected to Plaintiff's subpoenas. In brief,

Plaintiff entered into a long-term lease with an outside catering company (the "Rose Group"), pursuant to which the Rose Group is allowed to use and cater events at the Plaintiff's facility in exchange for rent and the Rose Group's agreement to pay for and perform capital repairs and improvements to the Plaintiff's facility. Plaintiff's Complaint alleges that the City treated Plaintiff unfairly (and unlawfully) by concluding that the Rose Group's use of Plaintiff's facility was not an "accessory use" within the meaning of the City's Zoning Resolution, and by revoking certain permits issued to the Plaintiff and the Rose Group by the City. Among other relief, Plaintiff seeks a preliminary injunction against the City. To support its application, Plaintiff seeks non-party discovery to gather facts that it alleges will support Plaintiff's argument that it was treated improperly by the City (i.e., that its arrangement with the Rose Group is a customary "accessory use"). On March 3, 2008, this Court issued an Order (the "Order") allowing Plaintiff pre-hearing discovery from "religious and non-religious institutions that may conduct similar catered events to those at issue in this matter." A copy of the Order is attached to the Declaration of Monica Pa, dated May 5, 2008 and submitted in support of Plaintiff's Motion (the "Pa Declaration") as Exhibit A.

On March 6, 2008, Plaintiff's attorneys delivered a letter and the Subpoena to the Society. A copy of Plaintiff's attorney's letter and the Subpoena are attached to the Pa Declaration as Exhibit B. Thereafter, the Society responded, *pro se*, to Plaintiff's attorney's demands concerning the Subpoena. Throughout this correspondence the Society advised Plaintiff's attorney's that it was concerned about maintaining its privacy, and would be seeking the advice of counsel regarding its rights with regard to the Subpoena. (See Exhibits D and E of the Pa Declaration.) Immediately upon consultation

with legal counsel, the Society wrote to Plaintiff's attorneys to object to the Subpoena on the basis that the Society was not similarly situated to Plaintiff (thus rendering the Society's documents and information irrelevant to the Lawsuit), and because disclosure in response to the Subpoena would violate the Society's right to privacy. A copy of the Society's letter is attached to the Pa Declaration as Exhibit F.

As set forth in the McNatt Declaration, the Society does not provide any catering services, and has no standing arrangement (contractual or otherwise) with any outside caterer. Unlike the Plaintiff, the Society does not lease its facilities, or any portion thereof, to any commercial caterer, and has not ceded any control over its facility to any caterer. Unlike the Plaintiff, the Society remains in charge of and responsible for the physical appearance and maintenance of its facility. Unlike the Plaintiff, the Society has not asked any commercial caterer to pay for repairs in exchange for the exclusive use of its facility. In short, the Society and the Plaintiff are not alike. The radical differences between the Plaintiff and the Society render the specifics of the Society's license agreements completely irrelevant to the matters at issue in the Lawsuit, because they are not at all probative as to whether Plaintiff's catering arrangements are a customary "accessory use."

## ARGUMENT

**The Court Should Exercise Its Discretion To Deny Plaintiff's Motion To Compel The Society's Production Of Documents, And To Quash The Subpoena, Because The Documents And Information Sought Therein Are: 1) Irrelevant To The Matters At Issue In This Lawsuit; 2) Otherwise Available To Plaintiff; Or 3) Confidential.**

The decision to grant or deny Plaintiff's Motion to compel rests in the discretion of the court. Am. Sav. Bank, FSB v. UBS Paine Webber, Inc. (In re Fitch, Inc.), 330 F.3d 104, 108 (2d Cir. 2003). Likewise, it is within the district court's discretion to quash the Subpoena. Powell v. Gardner, 891 F.2d 1039, 1046 (2d Cir. 1989). See also Jones v. Hirschfeld, 219 F.R.D. 71, 74 (S.D.N.Y.2003).

In exercising such discretion, courts balance a subpoena's reasonableness and the relevance of the information sought therein against the burden of production in response to the subpoena. United States v. International Bus. Mach. Corp., 83 F.R.D. 97, 014 (S.D.N.Y. 1979); New York State Energy Research & Dev. Authority v. Nuclear Fuel Servs., Inc., 97. F.R.D. 709, 712 (W.D.N.Y 1983). Indeed, Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure requires the court to quash a subpoena that "subjects a person to undue burden."

The issue of relevance is central to the determination of whether a subpoena imposes an undue burden, i.e., a subpoena that demands information not relevant to the material issues in the case is by definition unduly burdensome and should be quashed. Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335 (D.C.Cal.1995); Chase Nat. Bank of City of New York v. Portland General Electric Co., 2. F.R.D. 484 (S.D.N.Y.1942); Eisemann v. Greene, 1998 U.S. Dist. LEXIS 4591, 4, 1998 WL 164821, 2 (S.D.N.Y. 1998); Fago v. City of Hartford, No. Civ. 3:02 1189, 2003

WL 23689571 (D. Conn. Dec. 31, 2003). The scope of permissibly relevant discovery pursuant to a subpoena follows the general scope of permissible discovery found in F.R.C.P. 26(b). Cofield v. City of LaGrange, 913 F.Supp. 608, 614 (D.D.C. 1996); Johnson v. Bryco Arms, 226 F.R.D. 441 (E.D.N.Y. 2005).

The party seeking to enforce a subpoena must show that the subpoena is appropriate, and seeks relevant information. Bell Atl. Corp. v. AT&T Corp. (In re Bell Communs. Research), 1997 U.S. Dist LEXIS 191, No. MA-85, 1997 WL 10919 at 2 (S.D.N.Y. 1997); Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382, 2003 U.S.Dist EXIS 23179, 2003 WL 23018833 (S.D.N.Y. 2003). Where the subpoena is directed against a non-party, courts employ a heightened scrutiny to protect non-litigants from the burdens of production. Ebbert v. Nassau County, No. 05 Civ. 5445, 2007 WL 674725 (E.D.N.Y. 2007); Fears v. Wilhelmina Model Agency, Inc., 2004 U.S.Dist LEXIS 5575, 02 Civ. 4911, 2004 WL 719185 (S.D.N.Y. 2004); Beinin v. Center for Study of Popular Culture, 2007 WL 832962 (D.C.Cal.2007); Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

In applying these precepts to an analysis of Plaintiff's discovery demands on the Society, it is clear that the Society should not be compelled to produce any information, and that the Subpoena should be quashed and not enforced.

The Court's Order granting Plaintiff the ability to seek non-party discovery recognizes that "catered events" are at issue in this Lawsuit. As stated in the McNatt Declaration, the Society conducts no catered events. More broadly, the Society has no arrangements with an outside catering company of the sort described by Plaintiff in its Complaint, and identified by the City as the basis for its actions. Thus, as a factual matter,

the Society and the Plaintiff are so dissimilar that information pertaining to the Society's operations is not at all probative as to whether Plaintiff's and the Rose Group's operations are a customary "accessory use."

With particular reference to Plaintiff's individual claims, and considering the factual dissimilarity of the Society and the Plaintiff, the Subpoena seeks no relevant information. Plaintiff's First and Second Claims for Relief allege violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C §2000cc, *et. seq.* ("RLUIPA"); these claims do not involve a comparison of Plaintiff's operations with those of the Society.

Plaintiff's Third and Fourth Claims for Relief allege a denial of equal protection, and a denial to the right to the free exercise of religion, pursuant to 42 U.S.C. § 1983 and based on the City's allegedly improper differential treatment of Plaintiff as compared to other similarly situated religious organizations. The Second Circuit Court of Appeals has ruled that in order for a plaintiff to show that it was treated differently than similarly situated persons, "the level of similarity between plaintiffs and the person with whom they compare themselves must be extremely high." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005). The similarities must be such that no rational person could discern a difference that would justify the government's differential treatment. Skehan v. Village of Mamaroneck, 465 F.3d 96, 100 (2d Cir. 2006). It is obvious here that there is *no* material similarity between Plaintiff and the Society: any rational person can see the difference between Plaintiff's long-term lease and financial arrangement with a for-profit, commercial caterer and the Society's complete lack of any catering services (much less

an exclusive contract with an outside caterer). Thus, as a matter of law, information relating to the Society's operations is not relevant to Plaintiff's claims.

In addition to the complete irrelevancy of any of the information sought in the Subpoena, the Society objects to the Subpoena, and it should be quashed, because it seeks information that is either: 1) already in the public domain; 2) already in the possession of a party to the litigation; or 3) private or confidential.

Information that would tend to show that Plaintiff's and Rose Group's hosting or holding of events is common or customary among religious institutions in New York has already been gathered and offered by Plaintiff in its Complaint and in support of its application for a preliminary injunction. The Society should not be made to produce publicly available information that Plaintiff can obtain through its own due diligence. F.R.C.P. 26(b)(2)(C)(i). As indicated above, the specifics of the Society's license agreements could add nothing to Plaintiff's arguments in this regard.

Information concerning the Society's dealings with the City is, obviously, within the City's possession. The Society, a non-party, should not be made to produce information that is available from a party to the litigation. F.R.C.P. 26(b)(2)(C)(i).

Lastly, the Society's financial records (including its financial dealings with the third parties that license the Society's facility) are kept confidential by the Society. The types of documents sought by Plaintiff in its Subpoena (an accounting of revenues, annual financial reports, tax returns, tax analyses, etc.) are clearly private, and are not the proper subject of discovery against a non-party whose finances or financial conduct is not at issue in the underlying lawsuit. In re Flegtelecomholdings, Ltd. Secs. Liti., 02 Civ.

3400, 2006 U.S. Dist. LEXIS 69140, 2006 WL 264192 (S.D.N.Y. 2006); Cusumano, *supra.*

## CONCLUSION

For these reasons, and for the reasons set forth in the McNatt Delcaration and the Ferrini Declaration, the Society respectfully requests that the Plaintiff's Motion be denied in its entirety, that the Society's cross-motion to quash the Subpoena be granted, and that the Society be granted such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
       June 29, 2008

                    _____/s_____
                     Alexander Ferrini, Esq. (AF2072)
                     *Attorney for Non-Party The Fourth Universalist Society*
                     270 Madison Avenue, Suite 1400
                     New York, New York 10016
                     212-766-4300