```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
THIRD CHURCH OF CHRIST, SCIENTIST,
OF NEW YORK CITY,

                    Plaintiff,
                                           07 Civ. 10962 (DAB)
          -against-                              ORDER

CITY OF NEW YORK, and PATRICIA LANCASTER,
in her official capacity as Commissioner

                    Defendants.
----------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

This case was filed by Plaintiff Third Church of Christ, Scientist, of New York City ("Plaintiff") against the City of New York and Patricia J. Lancaster, in her official capacity as Commissioner of the New York City Department of Buildings ("the City"), for a Temporary Restraining Order and Preliminary Injunction preventing the City from enforcing their revocation of an earlier-issued approval permitting the Church to use its buildings for catered events. The Temporary Restraining Order was Granted by the Court on December 6, 2007.

On March 3, 2008, the Court issued an ORDER:

> GRANTING pre-hearing discovery including Plaintiff's requests for documents and depositions from several religious and non-religious institutions that may conduct similar catered events to those at issue in this matter, as well as document requests and depositions of City officials who may have knowledge relevant to the Church's claims.

1

(Order, 07 Civ. 10960, Dkt. No. 19.) Since that time, the Court is in receipt of several Motions to Compel compliance with subpoenas served by the Plaintiff and Motions to Quash those subpoenas. Among those was a Motion to Compel compliance with a subpoena served on non-Parties 570 Park Avenue Apartments, Inc., 580 Park Avenue, Inc., Susan Relyea, as Member of the Co-Op Board of 580 Park Avenue, Inc., and The Beekman Tenants Corporation (collectively "the Neighbors"). (07 Civ. 10960, Dkt. No. 30.) The Motion was filed April 21, 2008. On May 5, 2008 those non-Parties filed their opposition to the Motion to Compel, as well as a Cross-Motion to Quash. (07 Civ. 10960, Dkt. No. 43.) The Plaintiff filed its Reply on May 9, 2008, and the Neighbors filed their Reply on May 12, 2008. (07 Civ. 10960, Dkt. Nos. 48, 52.)

In its Motion papers, Plaintiff argues that it was "only because of political pressure" that the City revoked its previous authorization for Plaintiff to host social events. (Pl. Mem. of Law, Neighbors, at 3.) Therefore, they sought documents including "any communications" with the City, Elected Officials, or the State Liquor Authority regarding the Church, the Building, or the Rose Group (the caterers with whom the Plaintiff has contracted). (Decl. of Monica Pa, Neighbors, at Ex. B.) The Neighbors responded by, among other things, noting that the Court's Order "does not expressly permit Plaintiff to issue any

discovery to residential buildings, such as those owned by the Coalition Members...." (Neighbors Opp. Mem. of Law, at 6.)

Indeed, the language of the Court's Order limited discovery to, "institutions that may conduct similar catered events to those at issue in this matter." None of the neighbors, except for The Beekman, is even alleged to conduct catered events. The Beekman does house a restaurant called the "Park Avenue Cafe" which operates in a portion of the ground floor of The Beekman. However, unlike Plaintiff here, the restaurant is permitted pursuant to the City's Zoning Resolution §12-10, for a "transient hotel" in which (among other things) "living or sleeping accommodations are used primarily for transient occupancy, and may be rented on a daily basis" for which permitted accessory uses expressly includes restaurants. (Decl. of Phyllis H. Weisberg, ¶ 28, Ex. O.)

Conducting non-Party discovery on the Beekman would not advance Plaintiffs argument that the City is subjecting them to disparate treatment in violation of Section (b) of the Religious Land Use and Institutionalized Persons Act of 2000. 42 U.S.C. § 2000cc et seq. ("RLUIPA"). It is Plaintiffs contention in their Memorandum of Law in Support of their Motion for a Preliminary Injunction that "[t]he City historically, and apparently without exception, has implemented its Zoning Resolution so as to permit

3

nonreligious non-profit institutions in residential districts to advertise and make their building available for catered social events for members of the general public." (Pl. Prelim. Inj. Mem. of Law at 12, 07 Civ. 10960, Dkt. No. 6.) Plaintiff has further represented to the Court that, "[n]ot only does the City routinely permit nonreligious non-profit organizations to host catered social events...it also routinely permits churches, synagogues and other religious institutions to rent out their facilities to members of the general public for catered social events...." (Id. at 14.) Discovery was permitted to allow Plaintiff to establish a record of the purported "existence of persons in similar circumstances who received more favorable treatment than the plaintiff." (Id.)

Therefore, Plaintiff's Motion to Compel compliance with a subpoena served on non-Parties 570 Park Avenue Apartments, Inc., 580 Park Avenue, Inc., Susan Relyea, and The Beekman Tenants Corporation is hereby DENIED and their Motion to Quash GRANTED.

SO ORDERED.

Dated:   New York, New York
         July 7, 2008

_____
Deborah A. Batts
United States District Judge